UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| DEEP MARINE HOLDINGS, INC., et al. | § § | CASE NO. 09-39313-H1-11 |
| | § | (Chapter 11) |
| Debtor | § | (Consolidated) |

| | | |
|---|---|---|
| JOHN BITTNER, LIQUIDATING TRUSTEE | § § | |
| Plaintiff | § § | |
| V. | § § | ADVERSARY NO. 10-3312 |
| | § | |
| NASSER KAZEMINY, NJK HOLDING CORP., DCC VENTURES, LLC, OTTO B., CANDIES, JR., OTTO B. CANDIES, III, OTTO CANDIES, LLC AND CANDIES SHIPBUILDERS | § § § § § § | |
| Defendants | § § | |
| - and - | § § | |
| DEEP MARINE HOLDINGS, INC. AND DEEP MARINE TECHNOLOGIES, INC. | § § § | |
| Nominal Defendants/Debtors | § | |

**MOTION OF DEFENDANTS FOR EXTENSION
OF TIME TO RESPOND TO COMPLAINT**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Nasser Kazeminy, NJK Holding Corp. and DCC Ventures, LLC (collectively, the "Kazeminy Defendants"), and Otto Candies, Jr., Otto Candies, III, Otto Candies, LLC and Candies Shipbuilders, LLC (collectively, the "Candies Defendants") (the Kazeminy Defendants and the Candies Defendants shall be collectively referred to as

"Defendants"), by and through their attorneys, and for their Motion for Extension of Time to Respond to Complaint (the "Motion") would respectfully show the Court as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this action is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Sought

2. The Defendants seek an extension of the deadline for responding to the Complaint and Objections to Defendants' Proofs of Claim (the "Complaint") filed in this Adversary Proceeding by John Bittner, the liquidating trustee (the "Trustee"). The Defendants had sent notice, through counsel, to the Trustee regarding concerns regarding what they believe was insufficient factual investigation of the allegations raised in significant portions of the Complaint and demanded that the Complaint be withdrawn or amended. Pending the expiration of the deadline under the applicable rules, an extension of the response deadline is requested.

## Background Facts

3. The Complaint herein was filed on July 16, 2010. The Complaint was served, along with the summons issued by this Court on July 20, 2010, on the Defendants. Defendants acknowledge the receipt of service of the Complaint and summons.

4. Pursuant to the applicable rules, the filing of an answer or other response is due on or before August 19, 2010.

5. The Defendants conducted a thorough review of the allegations in the Complaint and are of the view that substantial portions of the allegations are essentially identical to those asserted in prior and pending derivative suits in Delaware and Texas, which allegations were the

subject of an exhaustive investigation conducted at the request and under the supervision of a Special Litigation Committee (the "SLC") composed of independent directors of Deep Marine Holdings, a Debtor and the parent company of the other related Debtors in these consolidated cases.

6. At the conclusion of the investigation of the derivative claims, the counsel retained by the SLC produced an extensive report (the "SLC Report"), which found the allegations to be unsupported by actual fact and recommended that the company not pursue the claims.

7. The Debtors asserted ownership of the SLC Report. John Bittner, the current Liquidating Trustee, was the chief restructuring officer of the Debtors at the time that they asserted ownership of the SLC Report. Additionally, the SLC Report was provided to counsel for the Trustee herein, which counsel were then the attorneys for the Creditors Committee.

8. The Defendants, acting on the belief that the allegations in the Complaint were, in light of the SLC Report, inadequately investigated prior to their assertion or otherwise pursued in bad faith, prepared an extensive review of the allegations, comparing the same to findings and conclusions in the SLC Report. At a meeting on August 11, 2010, that analysis was provided to counsel for the Trustee in the form of a letter (the "Rule 11 Letter"), as mandated by Fed. R. Bankr. P. 9011, demanding that the Complaint be withdrawn or amended. That letter was accompanied by a draft form of motion (the Rule 11 Motion"), as required by *The Cadle Co. v. Pratt*, 524 F. 3d 580 (5th Cir. 2008). Copies of the Rule 11 Letter and Rule 11 Motion are attached hereto as Exhibits "A" and "B."

9. As the Trustee's deadline for responding by withdrawing or amending the Complaint will not expire until September 1, 2010, the Defendants are in a position of not


knowing to what they will be responding. Accordingly, it is appropriate that the deadline for responding to the Complaint be extended to allow for the rule-imposed deadline to expire.

10. The Court has scheduled a status conference in this matter on September 27, 2010. Hence, an requested extension to respond to the Complaint should not impair the ability of the parties to timely prepare for the scheduled conference.

### Request for Relief

11. The Defendants accordingly request that the Court extend the deadline for their response(s) to the Complaint to the earlier of ten days after (i) the date on which an amended Complaint is filed or (ii) the expiration of the 21-day deadline for responding to the Rule 11 Letter.

Dated: August 17, 2010

THOMAS S. HENDERSON, Attorney At Law

By: /s/ T S Henderson
Thomas S. Henderson (TBA No. 09432300)

South Tower, Pennzoil Place
711 Louisiana, Suite 3100
Houston, Texas 77002-2716
Telephone: (713) 227-9500
Facsimile:  (713) 620-3023

COUNSEL FOR THE MOVANTS

**CERTIFICATE OF CONFERENCE**

I hereby certify that on August 16 and 17, 2010, I conferred with Hugh M. Ray, III, counsel for the Trustee/Plaintiff herein, regarding the foregoing request for an extension of time for responding to the Complaint. Mr. Ray advised that his client had declined to agree to an extension, necessitating the filing of this Motion.

_____
Thomas S. Henderson

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been served on the attorneys for the Plaintiff, Hugh M. Ray, III and Paul D. Moak, McKool Smith, 600 Travis, Suite 7000, Houston, Texas 77002, by ECF filing on the 17th day of August, 2010.

_____
Thomas S. Henderson