IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § § | Chapter 11 Jointly Administered Under |
| DEEP MARINE HOLDINGS, INC. et al., § Debtors. § | Case No. 09-39313-H1-11 |
| John D. Bittner, Liquidating Trustee, § Plaintiff § § | |
| Vs. § § | Adversary No. 10-3312 |
| Nasser Kazeminy, NJK Holding, Corp., § DCC Ventures, LLC, Otto B. Candies, Jr., § Otto B. Candies, III, Otto Candies, LLC, § and Candies Shipbuilders, LLC, § Defendants § § | |
| and § § | |
| Deep Marine Holdings, Inc. and § Deep Marine Technologies, Inc., § Nominal Defendants/Debtors § | |

**LIQUIDATING TRUSTEE'S EXPEDITED MOTION
TO SET PRELIMINARY STATUS CONFERENCE**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE MARVIN P. ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Plaintiff, John D. Bittner, in his capacity as Liquidating Trustee of the Deep Marine Liquidating Trust (the "Liquidating Trustee"), files this Expedited Motion to Set Preliminary Status Conference, and would respectfully show the Court as follows:

1. On July 16, 2010, the Liquidating Trustee filed his Complaint [Docket No. 1] against the Defendants. The deadline for the Defendants to file Answers or otherwise respond to the Complaint was August 19, 2010.

2. On August 17, 2010, just two days before their Answers were due, Defendants filed a Motion for Extension of Time to Respond to Complaint [Docket No. 9]. Although the Court had (and has) not ruled on that motion, Defendants elected not to file an Answer or otherwise respond to the Complaint. It is thus clear that Defendants do not intend to comply with applicable deadlines and that this case will not progress absent Court intervention.

3. A preliminary status conference would allow the Court to discuss deadlines in advance of the initial conference. The Liquidating Trustee believes this would provide a helpful foundation for the parties to discuss and prepare a draft scheduling order in advance of the September 27, 2010 initial conference.

4. A preliminary status conference also is required so that the parties can comply with their obligations in relation to the September 27, 2010 initial conference. Counsel for the Kazeminy and Candies Defendants has repeatedly resorted to inflammatory and vitriolic accusations and threats against the Liquidating Trustee and his counsel. As just one example, Defendants' counsel threatened with great rhetoric that if the Liquidating Trustee did not withdraw his Complaint, they would move for sanctions against McKool Smith, individual McKool Smith attorneys, and the Liquidating Trustee. Then, Defendants' counsel actually

attempted to use that threat to negotiate an extension for Defendants to answer the Complaint. When the Liquidating Trustee's counsel responded that the Liquidating Trustee would not give into such baseless threats, Defendants' counsel made other unfounded accusations and filed a motion for extension of time.

5. The acrimony which has resulted from this type of conduct has made it very difficult for the counsel to work together, including the work required to fulfill their obligations in relation to the initial conference.

6. A preliminary status conference would allow the Court to address this issue and assist the parties in preparing for the September 27, 2010 initial conference. Further, a preliminary status conference would allow the Court to generally address relevant deadlines sooner rather than later.

WHEREFORE, PREMISES CONSIDERED, the Liquidating Trustee requests that the Court to set a preliminary status conference in this matter as soon as practicable, in advance of the initial conference set for September 27, 2010.

DATED: August 24, 2010.

> Respectfully submitted,
>
> MCKOOL SMITH P.C.
>
> By: /s/ Nicholas Zugaro
> HUGH M. RAY, III
> State Bar No. 24004246
> MARK L. MATHIE
> State Bar No. 13191550
> 600 Travis, Suite 7000
> Houston, Texas 77002
> Telephone: (713) 485-7300
> Facsimile: (713) 485-7344
>
> ATTORNEYS FOR LIQUIDATING TRUSTEE

**CERTIFICATE OF CONFERENCE**

I hereby certify that on August 23, 2010, I conferred via email with counsel for Defendants, Messrs. Henderson, Weinstine, and Zimmerman, and to date, they have not replied.

*/s/ Hugh M. Ray, III*
HUGH M. RAY, III

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2010, a true and correct copy of the foregoing document has been served via DLR 5.1 and the ECF system, to the parties on the ECF service list.

*/s/ Nicholas Zugaro*
NICHOLAS ZUGARO