IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § § | | **Chapter 11** **Jointly Administered Under** |
| **DEEP MARINE HOLDINGS, INC. et al.,** § Debtors. § | | **Case No. 09-39313-H1-11** |

| | | |
|---|---|---|
| **John D. Bittner, Liquidating Trustee,** § Plaintiff § § | | |
| Vs. § § | | **Adversary No. 10-3312** |
| **Nasser Kazeminy, NJK Holding, Corp., DCC Ventures, LLC, Otto B. Candies, Jr., Otto B. Candies, III, Otto Candies, LLC, and Candies Shipbuilders, LLC,** § § § § § Defendants § § | | |
| And § § | | |
| **Deep Marine Holdings, Inc. and Deep Marine Technologies, Inc.,** § § Nominal Defendants/Debtors § | | |

**LIQUIDATING TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION
OF DEFENDANTS FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**
**(Refers to Docket No. 9)**

TO THE HONORABLE MARVIN P. ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Plaintiff, John D. Bittner, in his capacity as Liquidating Trustee of the Deep Marine Liquidating Trust (the "Liquidating Trustee"), files this Response in Opposition to Motion of Defendants for Extension of Time to Respond to Complaint ("Response"), and would respectfully show the Court as follows:

## INTRODUCTION

1. Defendants made the intentional decision not to respond to the Liquidating Trustee's Complaint (Docket No. 1) by the deadline without any Order from the Court allowing

1

them to do so.  The Rule 11 threat upon which Defendants now place their entire argument for an extension is entirely baseless and has absolutely nothing to do with the fact that Defendants could have, and should have, responded to the Complaint by the controlling deadline.

### ARGUMENT

**A.     Defendants Were Required to Respond to Complaint by August 19, 2010.**

2. On July 16, 2010, the Liquidating Trustee filed his Complaint in this Adversary Proceeding.  As Defendants admit, their responses to the Complaint were due no later than August 19, 2010.  Motion for Extension ¶ 4.

3. However, instead of complying with the Rules and responding to the Complaint by August 19, 2010, on August 17, 2010, just two days before the deadline, Defendants filed a motion seeking an extension of time to respond to the Complaint ("Motion for Extension").  Defendants then proceeded to simply ignore the August 19 deadline to file their responses to the Complaint.

**B.     Defendants' Threat of Rule 9011 Motion Provides No Basis for Retroactive Extension.**

4. Defendants argue that they should be excused for ignoring their deadline to respond to the Complaint because they served a Rule 9011 letter and draft Rule 9011 ("Rule 11") motion on the Liquidating Trustee on August 11, 2010, which then gave the Liquidating Trustee 21 days to withdraw or amend the Complaint.  Motion for Extension at ¶¶ 9-10.  Defendants' threat of a Rule 11 motion provides absolutely no basis for the extension Defendants are requesting.

5. First and foremost, Defendants' Rule 11 threats are entirely meritless.  If Defendants actually make the poor strategic choice to file their Rule 11 motion, the Liquidating Trustee will respond in detail.

6.     Second, Defendants' threat of a Rule 11 motion has nothing to do with the fact that Defendants could have, and should have, timely responded to the Liquidating Trustee's Complaint on August 19, 2010, as required. It is clear that Defendants intend to respond to the Complaint by filing a motion to dismiss. Indeed, Defendants attached a draft motion to dismiss to their motion for an extension. Motion for Extension at Exhibit B. With their draft motion to dismiss in hand, Defendants cannot even attempt to argue that they were somehow unable to timely respond to the Liquidating Trustee's Complaint. As such, there is no basis for Defendants' request for an extension.

7.     Finally, Defendants violated the requirements of Rule 11 by presenting their Rule 11 motion to the Court prior to the expiration of the 21-day "safe harbor" period. Before a party can file a Rule 11 motion, it must first serve a copy of that motion on the other party. FED. R. BANKR. P. 9011(c)(1). Then, if the other party concludes that corrective action is actually required, it can take such action within 21 days. *Id*. During this 21-day "safe harbor" period, the party threatening the Rule 11 motion may not file or present the motion to the Court. *Id*.

8.     On August 11, 2010, Defendants served the Liquidating Trustee with the Rule 11 letter and draft Rule 11 motion. With great rhetoric, Defendants' counsel threatened that if the Liquidating Trustee did not withdraw his Complaint, they would move for sanctions against everyone in sight, including the Liquidating Trustee's counsel, McKool Smith, P.C. ("McKool"), individual McKool attorneys, and the Liquidating Trustee. Motion for Extension, Ex. A at 1. Defendants' counsel then attempted to use that threat to negotiate an extension for Defendants to

3

Austin 62376v1

respond to the Complaint. When the Liquidating Trustee's counsel stated that the Liquidating Trustee would not give into such baseless threats, Defendants filed their motion for extension.[1]

9. In clear violation of Rule 9011, Defendants presented their Rule 11 motion to the Court during the "safe harbor" period by attaching a draft of their Rule 11 motion as an exhibit to their Motion for Extension and by making the arguments contained therein. Motion for Extension at 3, 4; *see also* Ex. B.  See FED. R. BANKR. P. 9011(c)(1) ("presenting" to the court includes signing, filing, submitting or later advocating).

10. Defendants should not be rewarded for making baseless Rule 11 threats and then violating Rule 9011's requirements by improperly presenting their Rule 11 motion to the Court during the "safe harbor" period in an effort to gain an extension.

### C. Defendants Willfully Ignored Deadline to Respond to Complaint and, as a Result, are in Default.

11. As shown above, Defendants were fully able to respond to the Liquidating Trustee's Complaint by the deadline. As further shown above, Defendants made the intentional decision not to respond by the deadline. Moreover, Defendants have not presented, and cannot present, anything that would justify this intentional strategic decision. As a result, Defendants are in intentional default. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

---

[1] Had Defendants not started this case off by threatening a motion for sanctions, and instead simply discussed any issues with the Liquidating Trustee's counsel, counsel would have worked with Defendants in reaching an agreement just like in any other case where counsel act reasonably.

4

Austin 62376v1

WHEREFORE, PREMISES CONSIDERED, the Liquidating Trustee respectfully asks the Court to deny Defendants' Motion for Extension (Docket No. 9) and grant such other and further relief, both at law and in equity, to which the Liquidating Trustee is justly entitled.

DATED: August 31, 2010.

Respectfully submitted,

**MCKOOL SMITH P.C.**

By: */s/ Hugh M. Ray, III*
    HUGH M. RAY, III
    State Bar No. 24004246
    MARK L. MATHIE
    State Bar No. 13191550
    600 Travis, Suite 7000
    Houston, Texas 77002
    Telephone: (713) 485-7300
    Facsimile: (713) 485-7344

**ATTORNEYS FOR LIQUIDATING TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2010, a true and correct copy of the foregoing document has been served via DLR 5.1 and the ECF system, to the parties on the ECF service list.

*/s/ Hugh M. Ray, III*
HUGH M. RAY, III

Austin 62376v1