UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| DEEP MARINE HOLDINGS, INC., et al. | § § | CASE NO. 09-39313-H1-11 |
| | § | (Chapter 11) |
| Debtor | § | (Consolidated) |

| | | |
|---|---|---|
| JOHN BITTNER, LIQUIDATING TRUSTEE | § § | |
| Plaintiff | § § | |
| V. | § § | ADVERSARY NO. 10-3312 |
| | § | |
| NASSER KAZEMINY, NJK HOLDING CORP., DCC VENTURES, LLC, OTTO B., CANDIES, JR., OTTO B. CANDIES, III, OTTO CANDIES, LLC AND CANDIES SHIPBUILDERS | § § § § § § | |
| Defendants | § § | |
| - and - | § § | |
| DEEP MARINE HOLDINGS, INC. AND DEEP MARINE TECHNOLOGIES, INC. | § § § | |
| Nominal Defendants/Debtors | § | |

**RESPONSE OF DEFENDANTS TO LIQUIDATING TRUSTEE'S EXPEDITED MOTION TO SET PRELIMINARY STATUS CONFERENCE**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Nasser Kazeminy, NJK Holding Corp. and DCC Ventures, LLC (collectively, the "Kazeminy Defendants"), and Otto Candies, Jr., Otto Candies, III, Otto Candies, LLC and Candies Shipbuilders, LLC (collectively, the "Candies Defendants") (the Kazeminy Defendants and the Candies Defendants shall be collectively referred to as "Defendants"), by and through their attorneys, and for their Response to Liquidating Trustee's

Expedited Motion to Set Preliminary Status Hearing would respectfully show the Court as follows:

1. Defendants admit the allegations contained in Paragraph 1 of the Liquidating Trustee's Expedited Motion to Set Preliminary Status Hearing (the "Motion").

2. Defendants admit the allegations contained in the first and second sentences of Paragraph 2 of the Motion. Defendants deny the allegations contained in the third sentence of said Paragraph 2.

3. As the allegations contained in Paragraph 3 of the Motion constitute a statement of position or belief, no response by way of admission or denial is required.

4. Defendants deny the allegations contained in Paragraph 4 of the Motion.

5. With respect to the Paragraph 4 allegations, Defendants would advise the Court:

- The only use of "threats," "vitriol" and/or "great rhetoric" – to the extent the subject language could be so categorized - employed by the Defendants in this matter is , in its entirety, set out in the Defendants' letter of August 11, 2009 (the "Rule 11 Letter") regarding their belief that the matters set out in the Complaint were violative of Bankruptcy Rule 9011 and the related draft Motion to Dismiss Complaint and/or Strike Pleadings and for Imposition of Sanctions (the "Draft Motion") delivered to the attorney for the Liquidating Trustee (the "Trustee") required by the applicable rules and Fifth Circuit requirements. Copies of those items were attached as Exhibits "A" and "B" to the Defendants' Motion for Extension of Time to Respond to Complaint (the "Extension Motion") filed herein on August 17, 2010;

- What the Trustee asserts was the use of the "threat [of sanctions] to negotiate an extension" of the response deadline[1] was predicated by the statement, made by counsel for the Defendants at the time of the delivery of the August 11 correspondence that he would contact the counsel for the Trustee on the following Monday to discuss an extension of the response deadline to attempt to coordinate the same with the hoped-for withdrawal or amendment of the Complaint.  This proposal was intended to afford the Trustee's counsel the opportunity to review the matter with their client and give consideration to withdrawing or amending the Complaint.  On making that inquiry the following Monday, the same was abruptly rebuffed by the Trustee's counsel, who described the Defendants and their counsel as "terrorists" and "bomb-throwers" in his response. As a result, it was necessary the Extension Motion was filed and remains pending for the Court's consideration.

6. As the allegations contained in Paragraphs 5 and 6 of the Motion constitute a statement of position or belief, no response by way of admission or denial is required.  The Defendants do not believe, however, that an additional or preliminary status conference is necessary, unless and until it becomes – regrettably – necessary to finalize and file the Draft Motion as their response herein.

7. A scheduling conference in this matter is already scheduled for September 27, 2010 before the Court.  Defendants desire to have their primary counsel (who all office outside of the State of Texas) physically present at all hearings. It would be unduly burdensome and

---

[1] To the extent that the Trustee is arguing that the Defendants engaged in the extensive analysis and careful consideration that is evidenced by the Rule 11 Letter for the purpose of extracting a routine extension of the answer deadline in this adversary proceeding, that argument is flawed, disingenuous, and not worthy of this Court's further consideration.

wasteful to require Defendants' counsel to travel twice in the span of one month for status conferences.

8. Accordingly, if it becomes necessary to pursue the Draft Motion, for the combined purpose of promoting judicial economy and minimizing the expenses of all parties in this proceeding, <u>to the benefit of the creditors of this estate</u>, Defendants propose that the Court enter a briefing schedule that allows for Defendants' Rule 11 Motion to be heard on September 27, 2010. Regrettably, Plaintiff and his counsel have refused to respond to repeated requests to agree to the same and thus this matter must be brought before the Court.

9. With respect to the Motion and the related Motion for Expedited Consideration, Defendants would further show that the announced intent to seek this relief was communicated to the Defendants' counsel by electronic mail after 8:00 p.m. on Monday, August 23, giving the Defendants until noon the following day to respond. While the Defendants exchanged messages during the course of the following day, and a response, proposing an informal discussion of scheduling matters in lieu of bothering the Court (a copy of which is attached) was sent to the Trustee's counsel, it was not delivered until after the filing of this Motion. Though the response requested that the Trustee advise of the proposed topics to be considered at the proposed expedited status conference, counsel for the Trustee has not responded.

10. To sum up their response, the Defendants do not believe that the requested preliminary status conference will "advance the ball" in this matter. Assuming that the parties will agree to conduct themselves cordially and professionally, no intervention of the Court is required at this time.

Dated: September 2, 2010

Respectfully submitted:

THOMAS S. HENDERSON, Attorney At Law

By: *TS Henderson*

Thomas S. Henderson (TBA No. 09432300)

South Tower, Pennzoil Place
711 Louisiana, Suite 3100
Houston, Texas 77002-2716
Telephone: (713) 227-9500
Facsimile:   (713) 620-3023

COUNSEL FOR THE DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been served on the attorneys for the Plaintiff, Hugh M. Ray, III and Paul D. Moak, McKool Smith, 600 Travis, Suite 7000, Houston, Texas 77002, by ECF filing on the 2nd day of September , 2010.

*TS Henderson*

Thomas S. Henderson

# Thomas S. Henderson
## Attorney at Law

South Tower, Pennzoil Place  
711 Louisiana, Suite 3100  
Houston, Texas 77002-2716

Telephone: 713-227-9500  
Facsimile: 713-620-3023  
thenderson@tsh-atty.com

August 27, 2010

Hugh M. Ray, III  
McKool Smith  
600 Travis, Suite 7000  
Houston, Texas 77002

Re:   John D. Bittner, Trustee v. Nasser Kazeminy, et al., Adv. Proc. No. 10-3312

Dear Hugh:

I write on my behalf and on behalf of my co-counsel at the firms of Winthrop & Weinstine and Baldwin Haspel Burke & Mayer. We are in receipt of your correspondence vis-à-vis a status conference.

First, given the importance and intensity of this litigation, our clients have requested that all of our counsel appear at anticipated hearings, rather than participate by telephone.

Second, because my co-counsel are from Minneapolis and New Orleans, respectively, we do not believe hearings should be conducted on a piecemeal basis and issues should be consolidated for hearing whenever possible.

A Status/Pretrial Conference is already set for September 27, 2010, and all counsel are scheduled to appear in Houston. Because of scheduling issues and intervening religious holidays, it would be most difficult to conduct a hearing before September 27, 2010, in Houston.

Under these circumstances, we would, once again, propose that a briefing schedule on the Rule 11 issues be negotiated and that defendants' motion – if it becomes necessary to file it - be addressed on the merits on September 27 at the previously-scheduled Status/Pretrial Conference.

In the interim, please advise us in any event of issues you want to raise with the Court and we will make every effort to attempt to informally resolve the same if at all possible.

Very truly yours,

Thomas S. Henderson