IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **(Chapter 11)** |
| **DEEP MARINE HOLDINGS, INC., ET** | § | **Jointly Administered Under** |
| **AL** | § | **Case No. 09-39313-H1-11** |
| **Debtors** | § | |

| | | |
|---|---|---|
| **JOHN D. BITTNER, LIQUIDATING** | § | |
| **TRUSTEE** | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | **ADV. PROC. NO. 10-03312** |
| **V.** | § | |
| | § | |
| **NASSER KAZEMINY,** | § | |
| **NJK HOLDING, CORP..** | § | |
| **DCC VENTURES, LLC** | § | |
| **OTTO B. CANDIES, JR.,** | § | |
| **OTTO B. CANDIES, III,** | § | |
| **OTTO CANDIES, LLC, AND** | § | |
| **CANDIES SHIPBUILDERS, LLC** | § | |
| | § | |
| **DEFENDANTS** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC. AND** | § | |
| **DEEP MARINE TECHNOLOGIES,** | § | |
| **INC.,** | § | |
| | § | |
| **NOMINAL** | § | |
| **DEFENDANTS/DEBTORS** | § | |

| | | |
|---|---|---|
| **GENERAL ELECTRIC CAPITAL** | § | |
| **CORPORATION** | § | |
| **Intervening Plaintiff** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **OTTO CANDIES, LLC** | § | |
| **Defendant in Intervention** | § | |

<u>**DEFENDANTS' ANSWER TO TRUSTEE'S ORIGINAL COMPLAINT AND
OBJECTIONS TO DEFENDANTS' PROOFS OF CLAIM**</u>

**NOW INTO COURT**, through undersigned counsel, come Otto B. Candies, Jr. ("Candies Jr."), Otto B. Candies, III ("Candies III"), Otto Candies, LLC ("Candies LLC") and Candies Shipbuilders, LLC ("Shipbuilders LLC") (collectively "Defendants"), and for response to the Complaint and Objections to Defendants' Proofs of Claim ("Complaint") filed herein, deny each and every allegation contained therein except as hereinafter expressly admitted or qualified, specifically stating as follows:

## I.      NATURE OF THE ACTION

1.      In response to Paragraph 1, Defendants state that a response is not required. However, out of an abundance of caution, Defendants deny all allegations contained therein.

## II.      JURISDICTION AND VENUE

2.      The contents of Paragraph 2 contain matters that are of public record, which Defendants admit.

3.      The contents of Paragraph 3 contain matters that are of public record, which Defendants admit.

4.      In response to the statements contained in Paragraph 4, Defendants admit that jurisdiction is proper over this adversary proceeding.

5.      In response to the statements contained in Paragraph 5, Defendants admit that venue is proper.

6.      Paragraph 6 contains statements of law, to which no response is necessary.

### III.    PARTIES

#### A.    <u>Debtors</u>

7.      In response to Paragraph 7, the Defendants admit that the Debtors are Deep Marine Holdings, Inc. ("DMH"), Deep Marine Technology Incorporated ("DMT"), Deep Marine 1, LLC ("DM1"), Deep Marine 2, LLC ("DM2"), Deep Marine 3, LLC ("DM3"), and Deep Marine 4 ("DM4")(adopting the definitions of the Trustee, these entities are sometimes collectively referred to as "Deep Marine").

#### B.    <u>Plaintiff</u>

8.      In response to Paragraph 8, Defendants admit that John D. Bittner was appointed to serve as the Trustee of the Deep Marine Liquidating Trust.  In further response to Paragraph 8, to the extent that this paragraph refers to certain sections contained in the Joint Plan of Re-organization including §§4.03, 4.04, 4.10, said Plan is a written document, speaks for itself, and is the best evidence of the contents therein.  Further, Defendants deny all claims brought against them in this lawsuit, and the lawsuit is brought in bad faith, frivolous and without merit.  The objections brought in this lawsuit against Defendants' proofs of claims are likewise in bad faith and without merit.   Defendants deny any remaining allegations contained in Paragraph 8.

#### C.    <u>The Kazeminy Defendants</u>

9.       Defendants deny the allegations contained in Paragraph 9 for lack of information sufficient to justify a belief therein.

10.      Defendants deny the allegations contained in Paragraph 10 for lack of information sufficient to justify a belief therein.

11.      Defendants deny the allegations contained in Paragraph 11 for lack of information sufficient to justify a belief therein.

12.     No substantive response is required to the first sentence of Paragraph 12.  The second sentence states a legal conclusion to which no substantive response is required. Defendants further deny those allegations regarding the ownership percentage of Mr. Kazeminy, NJK Holding and DCC Ventures (collectively "the Kazeminy Defendants") for lack of information sufficient to justify a belief therein.

### D.       The Candies Defendants

13.     In response to Paragraph 13, Defendants admit Candies Jr. is a resident of Louisiana.  Defendants further admit that service had been effectuated on Candies Jr.  The remaining allegations contained in Paragraph 13 are conclusions of law to which no response is required.

14.     In response to Paragraph 14, Defendants admit that Candies LLC is a limited liability company organized under the laws of Louisiana with its principal place of business in Louisiana.  In further response, Defendants admit that Candies LLC has filed a proof of claim in one or more of the above-captioned bankruptcy cases.   The proofs of claims are written documents, which speak for themselves, and are the best evidence of the contents therein. Defendants admit that service has been effectuated on Candies LLC.

15.     In response to Paragraph 15, Defendants admit that Shipbuilders LLC is a limited liability company organized under the laws of Louisiana with its principal place of business in Louisiana.  In further response, Defendants admit that Shipbuilders LLC has filed a proof of claim in one or more of the above-captioned bankruptcy cases.  The proofs of claims are written documents, which speak for themselves, and are the best evidence of the contents therein. Defendants admit that service has been effectuated on Shipbuilders LLC.

16.     In response to Paragraph 16, Defendants admit that Candies III is a resident of Louisiana and is currently the secretary and treasurer of Candies LLC.  In further response, Defendants admit that Candies III has filed a proof of claim in one or more of the above-captioned bankruptcy cases.  The proofs of claims are written documents, which speak for themselves, and are the best evidence of the contents therein.  Defendants admit that service has been effectuated on Candies III.

17.     The first sentence of Paragraph 17 does not require a response. The second sentence of Paragraph 17 contains legal conclusions to which no response is required. Responding to the allegations contained in Paragraph 17, Defendants admit only that at certain times they controlled more than 20% equity ownership of Deep Marine.  During the relevant time period referred to in the Complaint, the Candies Defendants' ownership interest fluctuated and was not always in excess in 20%.  The remaining allegations contained in Paragraph 17 are denied.

18.     Paragraph 18 does not require a response from the Defendants.

### IV.     CORE BANKRUPTCY CAUSES OF ACTION

19.      The allegations contained in Paragraph 19 are admitted.

20.     To the extent that Paragraph 20 refers to the Joint Plan of Reorganization, the Plan is a written document, which speaks for itself, and is the best evidence of the contents therein.  Defendants admit the remaining allegations contained in Paragraph 20.

21.     Defendants deny the allegations contained in the first sentence of Paragraph 21. Further responding, Defendants state that the remaining allegations do not require a response from Defendants.  However, out of an abundance of caution, the allegations are denied.

## COUNT 1:  FRADULENT TRANSFER UNDER 11 U.S.C. §§ 544 AND 550

22.     Paragraph 22 contains conclusions of law to which no response is required. However, out of an abundance of caution, the allegations contained in Paragraph 22 are denied.

23.     The allegations contained in Paragraph 23 are denied.

24.     In response to Paragraph 24, Defendants admit only that Candies LLC received the payments in the amounts and dates identified.  Defendants deny that any of these payments were preferential payments, fraudulent or otherwise improper, based upon the facts, among others, that the transfers were: (1) a contemporaneous exchange for new value given to the Debtor(s); (2) in payment for a debt incurred by the Debtor(s) in the ordinary course of business, and the transfers were made in the ordinary course of business; and/or (3) in payment of a debt incurred by the Debtor(s) in the ordinary course of business, and the transfers were made according to ordinary business terms.  Defendants further deny that any of these payments were fraudulent, based upon the fact that the transfers: (1) were not made with actual intent to hinder, delay or defraud any entity to which the Debtor(s) was or became, on or after the date that the transfers were made, indebted, but instead the transfers were for a legitimate supervening purpose; and/or (2) the Debtor(s) received a reasonably equivalent value in exchange for the transfers.  In further response to Paragraph 24, Defendants deny the allegations regarding the Kazeminy Defendants for lack of information to justify a belief therein.  Any remaining allegations contained in Paragraph 24 as they may relate to the Defendants are denied.

25.     The allegations contained in Paragraph 25 are denied.

26.     The allegations contained in Paragraph 26 are denied.

27.     The allegations contained in Paragraph 27 are denied for lack of information sufficient to justify a belief therein.

28.     The allegations contained in Paragraph 28 are denied for lack of information sufficient to justify a belief therein.

29.     To the extent that Paragraph 29 contains conclusions of law and rights that a Trustee may have under certain sections of the Bankruptcy Code, including Section 1123(b)(3)(B) and Section 544(b), no response is required from the Defendants.   In further response, Defendants state that any actions taken against the Defendants are without cause, without merit, frivolous, in bad faith and not in the best interests of the Estate.   Indeed, this action is brought to the detriment of the Estate given that the Trustee and its Counsel will seek recovery of all fees incurred in its pursuit of this needless and wasteful proceeding.

30.     To the extent that Paragraph 30 contains conclusions of law and addresses rights that a Trustee may have under certain sections of the Bankruptcy Code, including Section 1107 and Section 544(a)(1), no response is required from the Defendants.   However, out of an abundance of caution, Defendants deny any remaining allegations contained in Paragraph 30.

31.     The allegations contained in Paragraph 31 are denied.

32.     Paragraph 32 contains conclusions of law, to which no response is required.   However, out of an abundance of caution, Defendants deny any remaining allegations contained in Paragraph 32.

33.     The allegations contained in Paragraph 33 are denied.

34.     In response to Paragraph 34, Defendants deny that the transactions alleged by the Trustee to have occurred on 02/11/2007 and on 03/31/2008 between the Debtor(s) and Shipbuilders LLC did in fact occur.   In further response, Defendants deny that the following transactions occurred between the Debtor and Candies LLC as alleged by the Trustee:  (i) $3,853,226.35 on 10/01/2008; (ii) $3,902,275.45 on 07/01/2008; (iii) $3,254,319.45 on

12/12/2007; (iv) $1,723,396.87 on 10/15/2007; and (v) $4,004,024.37 on 07/10/2007.  Upon information and belief these transactions were between the Debtor(s) and National Commercial Capital Company.  The Defendants purchased the National Commercial Capital Company notes at a later date.  As to those remaining transactions identified by the Trustee as being between the Debtor(s) and Candies LLC, Defendants specifically deny the allegations that the Debtor(s) did not receive reasonably equivalent value for those obligations Defendants state that those remaining transactions listed between the Debtor(s) and Candies LLC are valid and enforceable obligations owed by the Debtor(s) to the Defendants.  Finally, Defendants deny those allegations contained in Paragraph 34, which pertain to the Kazeminy Defendants, for lack of information sufficient to justify a belief therein.

35.     The allegations contained in Paragraph 35 are denied.

36.     The first sentence of Paragraph 36 is a conclusion of law, to which no response is required.  Those allegations contained in Paragraph 36 specifically relating to the avoidance of liens granted by Deep Marine to Candies LLC are denied.  Out of an abundance of caution, any remaining allegations contained in Paragraph 36 are denied for lack of information sufficient to justify a belief therein.

37.     The allegations contained in Paragraph 37 are denied.

38.     The allegations contained in Paragraph 38 are denied.

**COUNT 2:  PREFERENTIAL TRANSFERS UNDER 11 U.S.C. §§ 547 AND 550**

39.     Paragraph 39 contains conclusions of law, to which no response is required.  However, out of an abundance of caution, Defendants deny any remaining allegations contained in Paragraph 39.

40.     Defendants admit the allegations contained in Paragraph 40.  In further response, Defendants specifically admit that the transactions are valid and enforceable transfers.

41.     Paragraph 41 references written documents, including proofs of claims filed in these proceedings,  which speak for themselves and are the best evidence of the contents therein. Defendants deny the remaining allegations contained in Paragraph 41 for lack of information sufficient to justify a belief therein.

42.     Paragraph 42 contains conclusions of law, to which no response is required.  Out of an abundance of caution, other than admitting that Candies LLC received certain payments for providing  crew  members  to  certain  of  Deep  Marine's  vessels,  the  remaining  allegations contained in Paragraph 42 are denied for lack of information sufficient to justify a belief therein.

43.     The allegations contained in Paragraph 43 are denied.

44.     The allegations contained in Paragraph 44 are denied.

### COUNT 3:  RECHARACTERIZATION

45.     The  first  sentence  of  Paragraph  45  contains  conclusions  of  law,  to  which  no response is required.  Defendants deny the remaining allegations contained in Paragraph 45.

46.     The allegations contained in Paragraph 46 are denied.

47.     The allegations contained in Paragraph 47 are denied.

48.     In response to Paragraph 48, Defendants deny that the transactions alleged by the Trustee  to  have  occurred  on  02/11/2007  and  on  03/31/2008  between  the  Debtor(s)  and Shipbuilders LLC did in fact occur.  In further response, Defendants deny that the following transactions  occurred  between  the  Debtor  and  Candies LLC  as  alleged  by  the  Trustee:   (i) $3,853,226.35  on  10/01/2008;  (ii)  $3,902,275.45  on  07/01/2008;  (iii)  $3,254,319.45  on 12/12/2007; (iv) $1,723,396.87 on 10/15/2007; and (v) $4,004,024.37 on 07/10/2007.   Upon

information and belief these transactions were between the Debtor(s) and National Commercial Capital Company.  The Defendants purchased the National Commercial Capital Company notes at a later date.  In further response, Defendants state that the remaining transactions identified in Paragraph 48 as between the Debtor(s) and Candies LLC are valid loans.  Defendants deny that any of the identified transactions between the Debtor(s) and Candies LLC were equity contributions.  In further response, the Defendants deny those allegations regarding DCC Ventures for lack of information sufficient to justify a belief therein.

49.     The allegations contained in Paragraph 49 are denied.

## COUNT 4:  EQUITABLE SUBORDINATION

50.     The allegations contained in Paragraph 50 are denied.

51.     In response to Paragraph 51, Defendants deny the allegations set forth in the first sentence.  In further response to Paragraph 51, Defendants deny that the transactions alleged by the Trustee to have occurred on 02/11/2007 and on 03/31/2008 between the Debtor(s) and Shipbuilders LLC occurred.  Defendants further deny that the following transactions occurred between the Debtor and Candies LLC as alleged by the Trustee:  (i) $3,853,226.35 on 10/01/2008;  (ii) $3,902,275.45 on 0/01/2008;  (iii) $3,254,319.45 on 12/12/2007;  (iv) $1,723,396.87 on 10/15/2007;  and (v) $4,004,024.37 on 07/10/2007.  Upon information and belief these transactions were between the Debtor(s) and National Commercial Capital Company.  The Defendants purchased the National Commercial Capital Company notes at a later date.  Regarding the remaining transactions which are attributable to Candies LLC on the one hand and the Debtors on the other, Defendants admit only that the Debtors received the loans or advances identified in Paragraph 51.  Defendants state that these transactions are valid and

enforceable.   Finally, Defendants deny those allegations contained in Paragraph 51, which pertain to the Kazeminy Defendants for lack of information sufficient to justify a belief therein.

52.     The allegations contained in Paragraph 52 are denied.

## V.     FACTUAL BACKGROUND FOR RELATED CAUSES OF ACTION

53.     In response to Paragraph 53, Defendants admit only that Candies LLC entered into certain transactions with Deep Marine resulting in it owning an equity interest in the company.   The remaining allegations contained in Paragraph 53 are denied for lack of information sufficient to justify a belief therein.

54.     The allegations contained in Paragraph 54 are denied for lack of information sufficient to justify a belief therein.

55.     In response to Paragraph 55, Defendants admit only that at certain times Mr. Kazeminy and Mr. Ellingboe were members of the Deep Marine Board of Directors.   Defendants deny the remaining allegations contained in Paragraph 55 for lack of information sufficient to justify a belief therein.

56.     To the extent that Paragraph 56 references an alleged July 30, 2008 letter, said letter is a written document, which speaks for itself and is the best evidence of the contents therein. Defendants deny the remaining allegations contained in Paragraph 56 for lack of information sufficient to justify a belief therein.

57.     The allegations contained in Paragraph 57 are denied for lack of information sufficient to justify a belief therein.

58.     The allegations contained in Paragraph 58 are denied for lack of information sufficient to justify a belief therein.

59.     The allegations contained in Paragraph 59 are admitted.  In further response, Defendants state that the identified transactions are valid and enforceable obligations.

60.     To the extent that Paragraph 60 references certain proofs of claims filed by Candies LLC in related bankruptcies, said proofs of claims are written documents, which speak for themselves, and are the best evidence of the contents therein.  Defendants deny the remaining allegations contained in Paragraph 60.

61.     The allegations contained in Paragraph 61 are denied.

62.     Defendants admit the allegations contained in the first sentence of Paragraph 62. The remaining allegations contained in Paragraph 62 are denied.

**a)      Mother Theresa**

63.     The allegations contained in Paragraph 63 specifically reference a number of written documents including:  (i) November 16, 2006 Notice; (ii)  June 17, 2007 Response from Candies LLC; (iii) February 2, 2007 response from McKim and termination notice; and (iv) proof of claim #10 in case #09-39314.  The foregoing are written documents, which speak for themselves and are the best evidence of the contents therein.   The remaining allegations contained in Paragraph 63 are denied.

**b)      DMT Diamond (formerly the Nicki Candies)**

64.     The allegations contained in Paragraph 64 specifically reference a Vessel Operating Agreement which speaks for itself and is the best evidence of the contents therein. The remaining allegations contained in Paragraph 64 are denied.

65.     As to the allegations contained in Paragraph 65, Defendants admit only that Candies LLC did provide crew to the DMT Diamond, the crew was replaced, and McKim was

terminated.    The  remaining  allegations  contained  in  Paragraph  65  are  denied  for  lack  of
information sufficient to justify a belief therein.

        **c)**      **DMT Topaz (formerly the Agnes)**

66.    The  allegations  contained  in  Paragraph  66  reference  a  lease  and  charter  between
DMT  and  Candies  LLC.   Said  lease  and  charter  are  written  documents,  which  speak  for
themselves  and are the best evidence of the contents therein.  Defendants further state that at all
times  Candies  LLC  acted  in  accordance  with  the  terms  of  the  lease  and  charter  and  that  the
vessel met all applicable requirements.  Those allegations contained in Paragraph 66, which refer
to actions allegedly taken by Deep Marine, are denied for lack of information sufficient to justify
a belief therein.  The remaining allegations contained in Paragraph 66 are denied.

67.    The  allegations  contained  in  the  first  and  second  sentences  of  Paragraph  67  are
denied  for  lack  of  information  sufficient  to  justify  a  belief  therein.   The  remaining  allegations
contained in Paragraph 67 are denied.

68.     The  allegations  contained  Paragraph  68  are  denied  for  lack  of  information
sufficient to justify a belief therein.

69.    In  response  to  Paragraph  69,  the  proof  of  claim  is  a  written  document,  which
speaks  for  itself  and  is  the  best  evidence  of  the  contents  therein.  The  remaining  allegations
contained in Paragraph 69 are denied for lack of information sufficient to justify a belief therein.

        **d)**      **DMT Emerald**

70.    The  allegations  contained  in  Paragraph  70  reference  an  agreement  between
Candies  LLC  and  Bender  Shipbuilding  &  Repair  Company  and  an  assignment  of  same.   Said
contract  and  assignment  are  written  documents,  which  speaks  for  themselves  and  are  the  best
evidence of the contents therein.

71.     In response to the allegations contained in Paragraph 71, Defendants deny those allegations regarding actions taken by Deep Marine in connection with its dealings with BP or Hornbeck for lack of information sufficient to justify a belief therein.  Defendants deny the remaining allegations contained in Paragraph 71.

**e)      DMT Sapphire (formerly the Kelly Ann)**

72.     In response to Paragraph 72, Defendants admit that DM4 purchased the DMT Sapphire from Candies LLC.  The purchase agreement is a written document, which speaks for itself and is the best evidence of the contents therein.  Defendants further state that at all times Candies LLC acted in accordance with the terms and conditions of the purchase agreement in its installation of a crane on the DMT Sapphire.  The testimony of Mr. McKim does not require a response from the Defendants.  Any remaining allegations contained in Paragraph 72 are denied.

73.     The allegation contained in Paragraph 73 are denied.

74.     Defendants admit the allegations contained in the first sentence of Paragraph 74.  Defendants deny the allegations contained in the second sentence of Paragraph 74 for lack of information sufficient to justify a belief therein.

75.     The allegations contained in Paragraph 75 are denied for lack of information sufficient to justify a belief therein.

## VI.     CAUSES OF ACTION

### COUNT 5:  BREACH OF FIDUCIARY DUTIES

#### A.      The Kazeminy Defendants

76.     Paragraph 76 does not require a response from Defendants.  However, out of an abundance of caution, Defendants incorporate by reference the above responses to all allegations contained in Paragraphs 1 through 75.

77.     The allegations contained in Paragraph 77 are denied for lack of information sufficient to justify a belief therein.

78.     The allegations contained in Paragraph 78, including subparts (a) through (h) are denied for lack of information sufficient to justify a belief therein.

79.     The allegations contained in Paragraph 79 are denied for lack of information sufficient to justify a belief therein.

80.     The allegations contained in Paragraph 80 are denied for lack of information sufficient to justify a belief therein.

## B.     The Candies Defendants

81.     Paragraph 81 does not require a response from Defendants.  However, out of an abundance of caution, Defendants incorporate by reference the above responses to all allegations contained in Paragraphs 1 through 80.

82.     The allegations contained in Paragraph 82 are denied.

83.     The allegations contained in Paragraph 83, including subparts (a) through (f), are denied.

84.     The allegations contained in Paragraph 84 are denied.

85.     The allegations contained in Paragraph 85 are denied.

## C.     All Defendants

86.     Paragraph 86 does not require a response from Defendants.  However, out of an abundance of caution, Defendants incorporate by reference the above responses to all allegations contained in Paragraphs 1 through 85.

87.     In response to Paragraph 87, Defendants admit only that a valid merger was executed Delaware law.  The remaining allegations contained in Paragraph 87 are denied.

88.     The allegations contained in Paragraph 88 are denied.

89.     The allegations contained in Paragraph 89 are denied.

### COUNT 6:  AIDING AND ABETTING BREACH OF FIDUCIARY DUTIES

90.     Paragraph 90 does not require a response from Defendants. However, out of an abundance of caution, Defendants incorporate by reference the above responses to all allegations contained in Paragraphs 1 through 89.

91.     The allegations contained in Paragraph 91 are denied.

92.     The allegations contained in Paragraph 92 are denied.

93.     The allegations contained in Paragraph 93 are denied.

94.     The allegations contained in Paragraph 94 are denied.

### COUNT 7:  SHAREHOLDER OPPRESSION

95.     Paragraph 95 does not require a response from Defendants. However, out of an abundance of caution, Defendants incorporate by reference the above responses to all allegations contained in Paragraphs 1 through 94.

96.     The allegations contained in Paragraph 96 are denied.

97.     The allegations contained in Paragraph 97, including its subparts (a) through (f), are denied.

98.     The allegations contained in Paragraph 98 are denied.

### COUNT 8:  FRAUD AND FRAUDULENT INDUCEMENT

99.     Paragraph 99 does not require a response from Defendants.  However, out of an abundance of caution, Defendants incorporate by reference the above responses to all allegations contained in Paragraphs 1 through 98.

100.     The allegations contained in the first sentence of Paragraph 100 are denied. The allegations contained in the second sentence of Paragraph 100 are denied for lack of information sufficient to justify a belief therein.  In further response to the allegations contained in Paragraph 100, at all times Candies LLC acted in compliance with the terms and conditions of the purchase agreement.

101.     In response to the allegations contained in Paragraph 101, Defendants state that at all times they complied with the terms of the lease and charter agreement between Candies LLC and Deep Marine.  The remaining allegations contained in Paragraph 101 are denied for lack of information sufficient to justify a belief therein.

102.     The allegations contained in the first sentence of Paragraph 102 are denied.  The allegations contained in the second and fourth sentence of Paragraph 102 are denied for lack of information sufficient to justify a belief therein.  Defendants admit the allegations contained in the third sentence of Paragraph 102.

103.     The allegations contained in Paragraph 103 are denied.

104.     The allegations contained in Paragraph 104 are denied.

105.     The allegations contained in Paragraph 105 are denied.

106.     The allegations contained in Paragraph 106 are denied.

### COUNT 9:  NEGLIGENT MISREPRESENTATION

107.     Paragraph 107 does not require a response from Defendants.  However, out of an abundance of caution, Defendants incorporate by reference the above responses to all allegations contained in Paragraphs 1 through 106.

108.     The allegations contained in the first sentence of Paragraph 108 are denied. The allegations contained in the second sentence of Paragraph 108 are denied for lack of information

sufficient to justify a belief therein.  In further response to the allegations contained in Paragraph 108, at all times Candies LLC acted in compliance with the terms and conditions of the purchase agreement.

109.    In response to the allegations contained in Paragraph 109, Defendants state that at all times they complied with the terms of the lease and charter agreement between Candies LLC and Deep Marine.  The remaining allegations contained in Paragraph 109 are denied for lack of information sufficient to justify a belief therein.

110.    The allegations contained in the first sentence of Paragraph 110 are denied.  The allegations contained in the second and fourth sentence of Paragraph 110 are denied for lack of information sufficient to justify a belief therein.  Defendants admit the allegations contained in the third sentence of Paragraph 110.

111.    The allegations contained in Paragraph 111 are denied.

112.    The allegations contained in Paragraph 112 are denied.

113.    The allegations contained in Paragraph 113 are denied.

114.    The allegations contained in Paragraph 114 are denied.

115.    The allegations contained in Paragraph 115 are denied.

116.    The allegations contained in Paragraph 116 are denied.

## COUNT 10:  BREACH OF CONTRACT

117.    Paragraph 117 does not require a response from Defendants.  However, out of an abundance of caution, Defendants incorporate by reference the above responses to all allegations contained in Paragraphs 1 through 116.

118.    The allegations contained in the first sentence of Paragraph 118 are denied to the extent that they refer to contracts involving the Candies Defendants who breached no contract.

The allegations contained in the second and third sentences of Paragraph 118 are denied for lack of information sufficient to justify a belief therein.

119.    The allegations contained in Paragraph 119 are denied.

120.    The allegations contained in Paragraph 120 are denied.

121.    The allegations contained in Paragraph 121 are denied.

122.    The allegations contained in Paragraph 122 are denied.

## COUNT 11:  TORTIOUS INTERFERENCE

123.    Paragraph 123 does not require a response from Defendants. However, out of an abundance of caution, Defendants incorporate by reference the above responses to all allegations contained in Paragraphs 1 through 122.

124.    The allegations contained in Paragraph 124 are denied.

125.    The allegations contained in Paragraph 125 are denied.

126.    The allegations contained in Paragraph 126 are denied.

## COUNT 12:  RESTITUTION AND UNJUST ENRICHMENT

127.    Paragraph 127 does not require a response from Defendants. However, out of an abundance of caution, Defendants incorporate by reference the above responses to all allegations contained in Paragraphs 1 through 126.

128.    The allegations contained in Paragraph 128 are denied.

129.    The allegations contained in Paragraph 129 are denied.

130.    The allegations contained in Paragraph 130, subparts (a) through (e), are denied. The allegations contained in Paragraph 130, subparts (f) and (g), are denied for lack of information sufficient to justify a belief therein.

## COUNT 13:  MONEY HAD AND RECEIVED

131.     Paragraph 131 does not require a response from Defendants.  However, out of an abundance of caution, Defendants incorporate by reference the above responses to all allegations contained in Paragraphs 1 through 130.

132.     The allegations contained in Paragraph 132, subparts (a) through (e), are denied. The allegations contained in Paragraph 132, subparts (f) and (g), are denied.

## COUNT 14:  CONVERSION

133.     Paragraph 133 does not require a response from Defendants.  However, out of an abundance of caution, Defendants incorporate by reference the above responses to all allegations contained in Paragraphs 1 through 132.

134.     The allegations contained in Paragraph 134 are denied.

135.     The allegations contained in Paragraph 135 are denied.

## COUNT 15:  CONSPIRACY

136.     Paragraph 136 does not require a response from Defendants.  However, out of an abundance of caution, Defendants incorporate by reference the above responses to all allegations contained in Paragraphs 1 through 135.

137.     The allegations contained in Paragraph 137 are denied.

138.     The allegations contained in Paragraph 138 are denied.

139.     The allegations contained in Paragraph 139 are denied.

## COUNT 16:  PARTNERSHIP LIABILITY

140.     Paragraph 140 does not require a response from Defendants.  However, out of an abundance of caution, Defendants incorporate by reference the above responses to all allegations contained in Paragraphs 1 through 139.

141.     The allegations contained in Paragraph 141, including its subparts (a) through (b), are denied.

142.     The allegations contained in Paragraph 142 are denied.

143.     The allegations contained in Paragraph 143 are denied.

### COUNT 17:  ATTORNEYS' FEES

144.     Paragraph 144 does not require a response from Defendants.  However, out of an abundance of caution, Defendants incorporate by reference the above responses to all allegations contained in Paragraphs 1 through 143.

145.     To the extent that Paragraph 145 contains conclusions of law, no response is required.  Responding to Paragraph 145, Defendants deny that the Trustee is entitled to recover attorneys' fees and affirmatively aver that they are entitled to an award of attorneys' fees and costs due to the Trustee's and others' bad faith and improper pursuit of the Complaint.

### VII.     OBJECTIONS TO INSIDERS' PROOFS OF CLAIM

### A.     OBJECTIONS TO INSIDER PROOFS OF CLAIM AGAINST DMH

### CLAIM OBJECTION 1:  NJK HOLDING'S Claim #122 in Case #09-39313

146.     The allegations contained in Paragraph 146 are denied for lack of information sufficient to justify a belief therein.

147.     The allegations contained in Paragraph 147 are denied for lack of information sufficient to justify a belief therein.

148.     The allegations contained in Paragraph 148 are denied for lack of information sufficient to justify a belief therein.

149.     The allegations contained in Paragraph 149 are denied for lack of information sufficient to justify a belief therein.

150.    The allegations contained in Paragraph 150 are denied for lack of information sufficient to justify a belief therein.

**CLAIM OBJECTION 2:  NJK HOLDING'S Claim #123 in Case #09-39313**

151.    The allegations contained in Paragraph 151 are denied for lack of information sufficient to justify a belief therein.

152.    The allegations contained in Paragraph 152 are denied for lack of information sufficient to justify a belief therein.

153.    The allegations contained in Paragraph 153 are denied for lack of information sufficient to justify a belief therein.

154.    The allegations contained in Paragraph 154 are denied for lack of information sufficient to justify a belief therein.

155.    The allegations contained in Paragraph 155 are denied for lack of information sufficient to justify a belief therein.

156.    The allegations contained in Paragraph 156 are denied for lack of information sufficient to justify a belief therein.

157.    The allegations contained in Paragraph 157 are denied for lack of information sufficient to justify a belief therein.

**CLAIM OBJECTION 3:  NJK HOLDING'S Claim #124 in Case #09-39313**

158.    The allegations contained in Paragraph 158 are denied for lack of information sufficient to justify a belief therein.

159.    The allegations contained in Paragraph 159 are denied for lack of information sufficient to justify a belief therein.

160.    The allegations contained in Paragraph 160 are denied for lack of information sufficient to justify a belief therein.

161.    The allegations contained in Paragraph 161 are denied for lack of information sufficient to justify a belief therein.

162.    The allegations contained in Paragraph 162 are denied for lack of information sufficient to justify a belief therein.

**CLAIM OBJECTION 4:  NASSER KAZEMINY'S Claim #125 in Case #09-39313**

163.    The allegations contained in Paragraph 163 are denied for lack of information sufficient to justify a belief therein.

164.    The allegations contained in Paragraph 164 are denied for lack of information sufficient to justify a belief therein.

165.    The allegations contained in Paragraph 165 are denied for lack of information sufficient to justify a belief therein.

166.    The allegations contained in Paragraph 166 are denied for lack of information sufficient to justify a belief therein.

167.    The allegations contained in Paragraph 167 are denied for lack of information sufficient to justify a belief therein.

168.    The allegations contained in Paragraph 168 are denied for lack of information sufficient to justify a belief therein.

**CLAIM OBJECTION 5:  OTTO CANDIES, III'S Claim #136 in Case #09-39313**

169.    The first sentence of Paragraph 169 does not require a response from Defendants. Defendants deny those allegations contained in the second and third sentences of Paragraph 169. Further, to the extent that the allegations contained in Paragraph 169 refer to certain proofs of

claims filed by Defendants, said proofs of claims are written documents, which speak for themselves and are the best evidence of the contents therein. Any remaining allegations contained in Paragraph 169 are denied.

170. The first sentence of Paragraph 170 does not require a response from Defendants. In further response to Paragraph 170, the proof of claim and the bylaws of Deep Marine referred to by the Trustee, are written documents, which speak for themselves and are the best evidence of the contents therein. Any remaining allegations contained in Paragraph 170 are denied.

171. The allegations contained in Paragraph 171 are denied.

### B.     OBJECTIONS TO INSIDER PROOFS OF CLAIM AGAINST DMT

**CLAIM OBJECTION 6:  OTTO CANDIES, LLC'S Claim #9 in Case #09-39314**

172. The first sentence of Paragraph 172 does not require a response from Defendants. Defendants deny those allegations contained in the second and third sentences of Paragraph 172. Further, to the extent that the allegations contained in Paragraph 172 refer to certain proofs of claims filed by Defendants, said proofs of claims are written documents, which speak for themselves and are the best evidence of the contents therein. Any remaining allegations contained in Paragraph 172 are denied.

173. In response to Paragraph 173, Defendants state that claim #9 speaks for itself.

174. The allegations contained in Paragraph 174 are denied.

175. The allegations contained in Paragraph 175 are denied.

**CLAIM OBJECTION 7:  OTTO CANDIES, LLC'S Claim #10 in Case #09-39314**

176. The first sentence of Paragraph 176 does not require a response from Defendants. Defendants deny those allegations contained in the second and third sentences of Paragraph 176. Further, to the extent that the allegations contained in Paragraph 176 refer to certain proofs of

claims filed by Defendants, said proofs of claims are written documents, which speak for themselves and are the best evidence of the contents therein.   Any remaining allegations contained in Paragraph 176 are denied.

177.   In response to the first sentence of Paragraph 177, claim #10 speaks for itself. Defendants deny all allegations contained in the second sentence of Paragraph 177.  In further response to Paragraph 177, Defendants state that at all times they acted in accordance with the terms and conditions of the charter agreement.

178.   The first sentence of Paragraph 178 does not require a response from Defendants. The proof of claim and the documents attached thereto speak for themselves.  Any remaining allegations contained in Paragraph 178 are denied.

179.   The allegations contained in Paragraph 179 are denied.

**CLAIM OBJECTION 8:  OTTO CANDIES, LLC'S Claim #11 in Case #09-39314**

180.   The first sentence of Paragraph 180 does not require a response from Defendants. Defendants deny those allegations contained in the second and third sentences of Paragraph 180. Further, to the extent that the allegations contained in Paragraph 180 refer to certain proofs of claims filed by Defendants, said proofs of claims are written documents, which speak for themselves and are the best evidence of the contents therein.   Any remaining allegations contained in Paragraph 180 are denied.

181.   Defendants deny the allegations contained in Paragraph 181.

182.   Defendants deny the allegations contained in Paragraph 182.  In further response, claim #11 in case #09-39314 and its attachments speak for themselves.

183.   The allegations contained in Paragraph 183 are denied.

184.   The allegations contained in Paragraph 184 are denied.

**CLAIM OBJECTION 9:  OTTO CANDIES, LLC'S Claim #12 in Case #09-39314**

185.    The first sentence of Paragraph 185 does not require a response from Defendants. Defendants deny those allegations contained in the second and third sentences of Paragraph 185. Further, to the extent that the allegations contained in Paragraph 185 refer to certain proofs of claims filed by Defendants, said proofs of claims are written documents, which speak for themselves and are the best evidence of the contents therein.  Any remaining allegations are denied for lack of information sufficient to justify a belief therein.

186.    The first sentence of Paragraph 186 does not require a response from Defendants. In further response to Paragraph 186, claim #12 in case #09-39314, speaks for itself.  Defendants further deny the Trustee's allegation that the claim should be classified as an equity infusion.

187.    The first two sentences of Paragraph 187 refer to a written document titled, "Otto Candies LLC Advances made to Deep Marine Technology, Inc. as of 12/3/09."  Said document speaks for itself.  Any remaining allegations contained in Paragraph 187 are denied.

188.    The allegations contained in Paragraph 188 are denied.

189.    The allegations contained in Paragraph 189 are denied.

**CLAIM OBJECTION 10:  OTTO CANDIES, LLC'S Claim #13 in Case #09-39314**

190.    The first sentence of Paragraph 190 does not require a response from Defendants. Defendants deny those allegations contained in the second and third sentences of Paragraph 190. Further, to the extent that the allegations contained in Paragraph 190 refer to certain proofs of claims filed by Defendants, said proofs of claims are written documents, which speak for themselves and are the best evidence of the contents therein.

191.    The allegations contained in Paragraph 191 are denied.  Claim #13 in case #09-39314 speaks for itself.

192.    The allegations contained in Paragraph 192 are denied.

**CLAIM OBJECTION 11:  CANDIES SHIPBUILDERS' Claim #14 in Case #09-39314**

193.    The first sentence of Paragraph 193 does not require a response from Defendants. Defendants deny those allegations contained in the second and third sentences of Paragraph 193. Further, to the extent that the allegations contained in Paragraph 193 refer to certain proofs of claims filed by Defendants, said proofs of claims are written documents, which speak for themselves and are the best evidence of the contents therein.  Any remaining allegations contained in Paragraph 193 are denied.

194.    The allegations contained in the first sentence of Paragraph 194 challenging the validity of claim #14 in case #09- 39314 are denied.  Claim # 14 speaks for itself.  Any remaining allegations contained in Paragraph 194 are denied.

195.    The allegations contained in the first sentence of Paragraph 195 are denied for lack of information sufficient to justify belief therein. In response to the second sentence of Paragraph 195, claim #14 speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 195.

196.    The allegations contained in Paragraph 196 are denied.

197.    The allegations contained in Paragraph 197 are denied.

**CLAIM OBJECTION 12:  DCC VENTURES' Claim #34 in Case #09-39314**

198.    The allegations contained in Paragraph 198 are denied for lack of information sufficient to justify a belief therein.

199.    The allegations contained in Paragraph 199 are denied for lack of information sufficient to justify a belief therein.

200.    The allegations contained in Paragraph 200 are denied for lack of information sufficient to justify a belief therein.

201.    The allegations contained in Paragraph 201 are denied for lack of information sufficient to justify a belief therein.

### CLAIM OBJECTION 13:  NJK HOLDING'S Claim #35 in Case #09-39314

202.    The allegations contained in Paragraph 202 are denied for lack of information sufficient to justify a belief therein.

203.    The allegations contained in Paragraph 203 are denied for lack of information sufficient to justify a belief therein.

204.    The allegations contained in Paragraph 204 are denied for lack of information sufficient to justify a belief therein.

205.    The allegations contained in Paragraph 205 are denied for lack of information sufficient to justify a belief therein.

206.    The allegations contained in paragraph 206 are denied for lack of information sufficient to justify a belief therein.

### CLAIM OBJECTION 14:  NJK HOLDINGS' Claim #36 in Case #09-39314

207.    The allegations contained in Paragraph 207 are denied for lack of information sufficient to justify a belief therein.

208.    The allegations contained in Paragraph 208 are denied for lack of information sufficient to justify a belief therein.

209.    The allegations contained in Paragraph 209 are denied for lack of information sufficient to justify a belief therein.

210.    The allegations contained in Paragraph 210 are denied for lack of information sufficient to justify a belief therein.

211.    The allegations contained in Paragraph 211 are denied for lack of information sufficient to justify a belief therein.

212.    The allegations contained in Paragraph 212 are denied for lack of information sufficient to justify a belief therein.

213.    The allegations contained in Paragraph 213 are denied for lack of information sufficient to justify a belief therein.

**CLAIM OBJECTION 15:  NJK HOLDINGS' Claim #38 in Case #09-39314**

214.    The allegations contained in Paragraph 214 are denied for lack of information sufficient to justify a belief therein.

215.    The allegations contained in Paragraph 215 are denied for lack of information sufficient to justify a belief therein.

216.    The allegations contained in Paragraph 216 are denied for lack of information sufficient to justify a belief therein.

217.    The allegations contained in Paragraph 217 are denied for lack of information station to justify a belief therein.

218.    The allegations contained in Paragraph 218 are denied for lack of information sufficient to justify a belief therein.

**CLAIM OBJECTION 16:  NASSER KAZEMINY'S Claim #41 in Case #09-39314**

219.    The allegations contained in Paragraph 219 are denied for lack of information sufficient to justify a belief therein.

220.    The allegations contained in Paragraph 220 are denied for lack of information sufficient to justify a belief therein.

221.    The allegations contained in Paragraph 221 are denied for lack of information sufficient to justify a belief therein.

222.    The allegations contained in Paragraph 222 are denied for lack of information sufficient to justify a belief therein.

223. The allegations contained in Paragraph 223 are denied for lack of information sufficient to justify a belief therein.

224. The allegations contained in Paragraph 224 are denied for lack of information sufficient to justify a belief therein.

**CLAIM OBJECTION 17:  OTTO CANDIES, III'S Claim #46 in Case #09-39314**

225.    The first sentence of Paragraph 225 does not require a response from Defendants. Defendants deny those allegations contained in the second and third sentences of Paragraph 193. Further, to the extent that the allegations contained in Paragraph 193 refer to certain proofs of claims filed by Defendants, said proofs of claims are written documents, which speak for themselves and are the best evidence of the contents therein.   Any remaining allegations contained in Paragraph 225 are denied.

226.    The first sentence of Paragraph 226 does not require a response from Defendants. In further response to Paragraph 226, the proof of claim and the bylaws of Deep Marine, referred to by the Trustee, are written documents, which speak for themselves and are the best evidence of the contents therein.  Any remaining allegations contained in Paragraph 226 are denied.

227.    The allegations contained in Paragraph 227 are denied.

### C.    OBJECTIONS TO INSIDER PROOFS OF CLAIM AGAINST DM1

### CLAIM OBJECTION 18:  OTTO CANDIES, LLC'S Claim #3 in Case #09-39315

228.    The first sentence of Paragraph 228 does not require a response from Defendants. Defendants deny those allegations contained in the second and third sentences of Paragraph 228. Further, to the extent that the allegations contained in Paragraph 228 refer to certain proofs of claims filed by Defendants, said proofs of claims are written documents, which speak for themselves and are the best evidence of the contents therein.   Any remaining allegations contained in Paragraph 228 are denied.

229.    In response to the Trustee's first objection to claim #3 in case #09-39315, contained in Paragraph 229, a response is not required as this is a legal conclusion.   Any remaining allegations contained in Paragraph 229 are denied.

230.    The allegations contained in Paragraph 230 are denied.

231.    The allegations contained in Paragraph 231 are denied.

### D.    OBJECTIONS TO INSIDER PROOFS OF CLAIM AGAINST DM2

### CLAIM OBJECTION 19:  OTTO CANDIES, LLC'S Claim #1 in Case #09-39316

232.    The first sentence of Paragraph 232 does not require a response from Defendants. Defendants deny those allegations contained in the second and third sentences of Paragraph 232. Further, to the extent that the allegations contained in Paragraph 232 refer to certain proofs of claims filed by Defendants, said proofs of claims are written documents, which speak for themselves and are the best evidence of the contents therein.   Any remaining allegations contained in Paragraph 232 are denied.

233.    In response to the Trustee's first objection to claim #1 in case #09-39316, contained in Paragraph 233, a response is not required as this is a legal conclusion.   Any remaining allegations contained in Paragraph 233 are denied.

234.    The allegations contained in Paragraph 234 are denied.

235.    The allegations contained in Paragraph 235 are denied.

### E.    OBJECTIONS TO INSIDER PROOFS OF CLAIM AGAINST DM3

### CLAIM OBJECTION 20:  OTTO CANDIES, LLC'S Claim #3 in Case #09-39317

236.    The first sentence of Paragraph 236 does not require a response from Defendants. Defendants deny those allegations contained in the second and third sentences of Paragraph 236. Further, to the extent that the allegations contained in Paragraph 236 refer to certain proofs of claims filed by Defendants, said proofs of claims are written documents, which speak for themselves and are the best evidence of the contents therein.   Any remaining allegations contained in Paragraph 236 are denied.

237.    In response to the Trustee's first objection to claim #3 in case #09-39317, contained in Paragraph 237, a response is not required as this is a legal conclusion.  Defendants deny the allegations contained in the Trustee's third objection.

238.    The allegations contained in Paragraph 238 are denied.

239.    The allegations contained in Paragraph 239 are denied.

### CLAIM OBJECTION 21:  OTTO CANDIES, LLC'S Claim #4-2 in Case #09-39317

240.    The first sentence of Paragraph 240 does not require a response from Defendants. Defendants deny those allegations contained in the second and third sentences of Paragraph 240. Further, to the extent that the allegations contained in Paragraph 240 refer to certain proofs of claims filed by Defendants, said proofs of claims are written documents, which speak for

themselves and are the best evidence of the contents therein.  Any remaining allegations contained in Paragraph 240 are denied.

241.    The first sentence of Paragraph 241 does not require a response from Defendants. In response to those allegations made in Paragraph 241 concerning the substance of claim #4-2 in case #39317, the claim speaks for itself.  Defendants deny the allegations contained in the fourth, fifth, sixth, and seventh sentences of Paragraph 241.

242.    The allegations contained in the first sentence of Paragraph 242 are denied. Further the preferred ship mortgage attached to the claim is a written document, which speaks for itself, and is the best evidence of the contents therein.  Sentences five and six of Paragraph 242 contain conclusions of law, which do not require a response. Any remaining allegations attacking the validity of claim #4-2 are denied.

243.    The allegations contained in Paragraph 243 are denied.

**CLAIM OBJECTION 22:  DCC VENTURES' Claim #10 in Case #09-39317**

244.    The allegations contained in Paragraph 244 are denied for lack of information sufficient to justify a belief therein.

245.    The allegations contained in Paragraph 245 are denied.

246.    The allegations contained in Paragraph 246 are denied.

247.    The allegations contained in Paragraph 247 are denied.

248.    The allegations contained in Paragraph 248 are denied for lack of information sufficient to justify a belief therein.

F.      **OBJECTIONS TO INSIDER PROOFS OF CLAIM AGAINST DM4**

**CLAIM OBJECTION 23:  OTTO CANDIES, LLC'S Claim #3 in Case #09-39318**

249.    The first sentence of Paragraph 249 does not require a response from Defendants. Defendants deny those allegations contained in the second and third sentences of Paragraph 249. Further, to the extent that the allegations contained in Paragraph 249 refer to certain proofs of claims filed by Defendants, said proofs of claims are written documents, which speak for themselves and are the best evidence of the contents therein.   Any remaining allegations contained in Paragraph 249 are denied.

250.    In response to the Trustee's first objection to claim #3 in case #09-39318, contained in Paragraph 250, a response is not required as this is a legal conclusion.   Any remaining allegations contained in Paragraph 250 are denied.

251.    The allegations contained in Paragraph 251 are denied.

252.    The allegations contained in Paragraph 252 are denied.

**CLAIM OBJECTION 24:  CANDIES SHIPBUILDERS' Claim #8 in Case # 09-39318**

253.    The first sentence of Paragraph 253 does not require a response from Defendants. Defendants deny those allegations contained in the second and third sentences of Paragraph 253. Further, to the extent that the allegations contained in Paragraph 253 refer to certain proofs of claims filed by Defendants, said proofs of claims are written documents, which speak for themselves and are the best evidence of the contents therein.

254.    In response to the allegations contained in Paragraph 254, claim #8 in case #09-39318 speaks for itself.  Any remaining allegations contained in Paragraph 254 are denied.

255.    The first sentence of Paragraph 255 is a conclusion of law to which no response is required.  Defendants deny the allegations contained in Paragraph 255.

256.     The allegations contained in Paragraph 256 are denied.

257.     The allegations contained in Paragraph 257 are denied.

**G.        TWELFTH OBJECTION TO ALL INSIDER PROOFS OF CLAIM**

258.     The allegations contained in Paragraph 258 are denied.

**AFFIRMATIVE DEFENSES**

1.        The Complaint fails to state a claim upon which relief can be granted.

2.        The claims are barred by the doctrines of laches, unclean hands, waiver, estoppel, settlement and release, and/or accord and satisfaction.

3.        The Complaint is barred because the Debtor(s) did not suffer any damages and/or failed to mitigate damages, if any.

4.        The Complaint is meritless, brought in bad faith by the Trustee and not in the best interests of the Debtors' estate.  Instead, Plaintiff's Complaint is only being pursued to allow the Trustee and his attorneys' to charge Debtors' estate exorbitant fees.

5.        Defendants deny that equity and the interest of justice permit this suit to proceed.

6.        Alternatively, the damages allegedly sustained by the Debtor(s), if any, were not caused by, contributed to, or brought about by any action, omission or fault of Defendants or on the part of any person or entity for which any of them are responsible.

7.        Alternatively, the damages allegedly suffered by the Debtors(s), if any, were caused by the actions of persons and/or entities other than the Defendants, over which Defendants had no control or responsibility and for which Defendants have no liability.

8.        The majority of the claims brought by the Trustee contained in the Complaint have previously been determined to be frivolous and without merit.  Specifically, almost identical claims which were previously brought in Texas state court were dismissed after the

Court found that the Special Litigation Committee lawfully assumed control of the proceedings, and determined in good faith after conducting a reasonable inquiry, that the pursuit of the action would be detrimental and not in the best interests of Deep Marine Holdings and Deep Marine Technologies.

9.      The Trustee's pursuit of the claims in the Complaint is a waste of judicial economy and the Debtor(s)' resources.

10.     Those transactions identified by the Trustee between the Debtor(s) and the Defendants can not be avoided pursuant to 11 U.S.C. § 547.

11.     Those transaction identified by the Trustee between the Debtor(s) and the Defendants are not fraudulent transfers under 11 U.S.C. § 548.

12.     The Trustee has failed to plead any cognizable claim for "breach of fiduciary duties."

13.     The Trustee has failed to plead any cognizable claim for "aiding and abetting breach of fiduciary duties."

14.     The Trustee has failed to plead any cognizable claim for "shareholder oppression."

15.     The Trustee does not have standing to pursue certain causes of action alleged in the Complaint, including, but not limited to, shareholder oppression.

16.     The Trustee has failed to plead any cognizable claim for "fraud and fraudulent inducement."

17.     The Trustee has failed to plead any cognizable claim for "negligent misrepresentation."

18.     The Trustee has failed to plead any cognizable claim for "breach of contract."

19.     The Trustee has failed to plead any cognizable claim for "tortious interference."

20.     The Trustee has failed to plead any cognizable claim for "restitution and unjust enrichment."

21.     The Trustee has failed to plead any cognizable claim for "money had and received."

22.     The Trustee has failed to plead any cognizable claim for "conversion."

23.     The Trustee has failed to plead any cognizable claim for "conspiracy."

24.     The Trustee has failed to plead any cognizable claim for "partnership liability."

25.     The Trustee is not entitled to attorneys' fees.

26.     The claims contained in the Complaint are barred by the business judgment rule.

27.     The claims contained in the Complaint are barred by the lawful ratification and instructions of the Board of Directors of Debtor(s).

28.     The claims contained in the Complaint are barred by the lawful actions of shareholder of the Debtor(s).

29.     The claims contained in the Complaint are barred by the lawful ratification and instructions are the shareholders of the Debtor(s).

30.     The claims contained in the Complaint are barred by estoppel of benefits and/or ratification and waiver.

31.     Pursuant to Bankruptcy Rule of Procedure 7015 and other applicable law, Defendants reserve the right to amend their Answer and Affirmative Defenses to include any and all affirmative defenses that are not currently known to it, but which may be revealed to it during the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court:

1.      Dismiss the Trustee's Original Complaint and Objections to Defendants' Proofs of Claim, on the merits and with prejudice;

2.      Enter judgment in favor of Defendants;

3.      Issue sanctions against the Trustee and his counsel in the form of Defendants' damages, attorneys' fees and costs as a result of Plaintiff's bad-faith, meritless and frivolous filing of the Complaint under Bankruptcy Rule 9011 and otherwise; and,

4.      Order such other relief as the Court deems equitable and just.

WHEREFORE, Defendants pray that, after due proceedings and consideration of the law, this Court dismiss the Complaint  and Objection, of the Trustee with the estate to bear all costs, and for any and all other just and equitable relief the Court may deem fit.

Dated: October 4, 2010

THOMAS S. HENDERSON, Attorney At Law

By:_____
        Thomas S. Henderson (TBA No. 09432300)

South Tower, Pennzoil Place
711 Louisiana, Suite 3100
Houston, Texas 77002-2716
Telephone: (713) 227-9500
Facsimile:   (713) 620-3023

-and-

**BALDWIN HASPEL BURKE & MAYER, LLC**
Karl J. Zimmermann (La. Bar No. 14481)
Thomas J. Cortazzo (La. Bar No. 18174)
Jena W. Smith (La. Bar No. 25255)

Energy Centre - 22nd Floor
1100 Poydras Street, Suite 2200
New Orleans, Louisiana  70163
Telephone:504.569.2900
Facsimile: 504.569.2099

**COUNSEL FOR OTTO CANDIES, L.L.C., CANDIES SHIPBUILDERS, LLC, OTTO B. CANDIES, JR., OTTO B. CANDIES, III**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served on the attorneys for the

Plaintiff Liquidating Trustee, Hugh M. Ray, III and Paul D. Moak, McKool Smith, 600 Travis,

Suite 7000, Houston, Texas 77002, and on the attorneys for the Intervening Plaintiff, GECC,

Susan C. Mathews, Adams and Reese, LLP, 4400 One Houston Center, 1221 McKinney,

Houston, Texas 77010, by ECF filing on the4th day of October, 2010.

_____
Thomas S. Henderson