# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **(Chapter 11)** |
| **DEEP MARINE HOLDINGS, INC.,** | § | **Jointly Administered Under** |
| **ET AL.** | § | **Case No. 09-39313-H1-11** |
| | § | |
| **DEBTORS** | § | |
| | § | |
| **JOHN D. BITTNER, LIQUIDATING** | § | |
| **TRUSTEE** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **NASSER KAZEMINY,** | § | |
| **NJK HOLDING, CORP.,** | § | |
| **DCC VENTURES, LLC,** | § | |
| **OTTO B. CANDIES, JR.,** | § | |
| **OTTO B. CANDIES, III,** | § | **ADV. PROC. NO. 10-03312** |
| **OTTO CANDIES, LLC AND** | § | |
| **CANDIES SHIPBUILDERS, LLC** | § | |
| | § | |
| **Defendants** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.** | § | |
| **AND DEEP MARINE** | § | |
| **TECHNOLOGIES, INC.** | § | |
| | § | |
| **Nominal Defendants/Debtors** | § | |
| | | |
| **GENERAL ELECTRIC CAPITAL** | § | |
| **CORPORATION** | § | |
| **Intervening Plaintiff** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **OTTO CANDIES, LLC** | § | |
| **Defendant in Intervention** | § | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants Nasser Kazeminy ("Kazeminy"), DCC Ventures, LLC ("DCC") and NJK Holdings Corporation ("NJK") (collectively, "Defendants") as and for their Answer to the Trustee's Original Complaint and Objections to Defendants' Proofs of Claim ("Complaint") filed by Plaintiff John D. Bittner ("Plaintiff") deny each and every allegation contained therein, unless expressly admitted, qualified or affirmatively alleged.   In further answer to the specific allegations set forth in the Complaint, Defendants state and allege as follows:

## ANSWER

### I.       NATURE OF THE ACTION

1.       In response to paragraph 1 of Plaintiff's Complaint, Defendants state that no substantive response is required. To the extent a substantive response is required, Defendants deny all allegations contained in paragraph 1.

### II.       JURISDICTION AND VENUE

2.       In response to paragraph 2 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

3.       In response to paragraph 3 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

4.       In response to paragraph 4 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

5.       In response to paragraph 5 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

6.       In response to paragraph 6 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

### III.    PARTIES

### A.    <u>Debtors</u>

7.    In response to paragraph 7 of Plaintiff's Complaint, Defendants admit the Debtors are Deep Marine Holdings, Inc., Deep Marine 1, LLC, Deep Marine 2, LLC, Deep Marine 3, LLC, and Deep Marine 4, LLC.  As to the remaining allegations contained in paragraph 7 of Plaintiff's Complaint, Defendants state that no substantive response is required.

### B.    <u>Plaintiff</u>

8.    In response to paragraph 8 of Plaintiff's Complaint, Defendants admit that John Bittner was appointed under the Joint Plan of Reorganization to serve as the Trustee of the Deep Marine Liquidating Trust.  Defendants deny any and all of the claims or objections to Defendants' claims asserted in this lawsuit, as they are frivolous and in bad faith.  Defendants further state that Sections 4.03, 4.04 and 4.10 of the Joint Plan of Reorganization and 11 U.S.C. § 1123(b)(3) speak for themselves and no response is necessary.  To the extent a response is required, Defendants deny the remaining allegations contained in paragraph 8.

### C.    <u>The Kazeminy Defendants</u>

9.    In response to paragraph 9 of Plaintiff's Complaint, Defendants deny that Defendant Kazeminy is a resident of Minnesota.  Defendants admit that Kazeminy has filed proofs of claim in one or more of the above-captioned bankruptcy cases.  Defendants admit that service has been effectuated on Kazeminy.  Defendants deny the remaining allegations contained in paragraph 9.

10.    In response to paragraph 10 of Plaintiff's Complaint, Defendants admit that Defendant NJK is a Minnesota corporation.  Defendants admit that NJK has filed proofs of claim in one or more of the above-captioned bankruptcy cases.  Defendants admit that service has been effectuated on NJK.  Defendants deny the remaining allegations contained in paragraph 10.

11.     In response to paragraph 11 of Plaintiff's Complaint, Defendants admit that DCC is a Nevada limited liability company.  Defendants admit that DCC has filed proofs of claim in one or more of the above-captioned bankruptcy cases.  Defendants admit that service has been effectuated on DCC.

12.     In response to paragraph 12 of Plaintiff's Complaint, Defendants state that no substantive response is required to the first sentence of this paragraph.  Defendants further state that the second sentence states a legal conclusion and no substantive response is required.  To the extent a substantive response is required to the second sentence, Defendants deny all allegations contained therein.  Defendants admit that Kazeminy, DCC and NJK controlled more than 20% of the equity ownership of Deep Marine Holdings.  As to the remaining allegations contained in paragraph 12 of Plaintiff's Complaint, Defendants deny the same.

### D.        The Candies Defendants

13.     In response to paragraph 13 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

14.     In response to paragraph 14 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

15.     In response to paragraph 15 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

16.     In response to paragraph 16 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

17.     In response to paragraph 17 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

18.     In response to paragraph 18 of Plaintiff's Complaint, Defendants state that no substantive response is required.  To the extent a substance response is necessary, Defendants deny the allegations contained therein.

## IV.     CORE BANKRUPTCY CAUSES OF ACTION

19.     In response to paragraph 19 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

20.     In response to paragraph 20 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

21.     In response to paragraph 21 of Plaintiff's Complaint, Defendants deny the allegations contained in the first sentence.  As to the remaining allegations, Defendants state that no substantive response is required.  To the extent a substantive response is required, Defendants deny the allegations contained therein.

## COUNT 1: FRAUDULENT TRANSFER UNDER 11 U.S.C. §§ 544 AND 550

22.     In response to paragraph 22 of Plaintiff's Complaint, Defendants state that paragraph 22 states a legal conclusion and no substantive response is required.  To the extent a substantive response is necessary, Defendants deny the allegations contained therein.

23.     In response to paragraph 23 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

24.     In response to paragraph 24 of Plaintiff's Complaint, Defendants deny that Kazeminy received a payment from DMT for $207,000 in September of 2008 and deny that NJK received a payment from DMT for $1,151.40.  Defendants affirmatively aver that NJK received

the following payments from DMT: (i) $37,822.36 on December 11, 2006; (ii) $14,828.58 on February 15, 2007; (iii) $19,296.06 on December 29, 2006; (iv) $20,806.89 on December 11, 2006; (v) $18,510.75 on December 11, 2006; (vi) $26,799.03 on November 7, 2006; (vii) $28,424.46 on September 25, 2006; (viii) $35,137.74 on August 25, 2006; (ix) $31,603.11 on July 28, 2006; (x) $74,873.00 on July 28, 2006; (xi) $25,976.92 on July 25, 2006; (xii) $168,183.00 on June 6, 2006; (xiii) $420.00 on January 31, 2006; and (xiv) $420.00 on January 31, 2006.  Defendants affirmatively aver that DCC received the following transfers from DMT: (i) $675,537.00 on July 5, 2007; and (ii) $1,462,000.00 on December 6, 2006.  Defendants affirmatively aver that all of the above-referenced payments and transfers were valid reimbursements, payments of management fees and expenses, and repayment of outstanding debt.  Defendants are without sufficient information and/or knowledge needed to admit or deny the allegations related to the Candies Defendants and therefore deny the same.  To the extent that any allegation contained in paragraph 24 and which relates to Defendants contradicts or is not otherwise addressed by this response, Defendants deny the same.

25.     In response to paragraph 25 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

26.     In response to paragraph 26 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

27.     In response to paragraph 27 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained therein, and therefore deny the same.

28.     In response to paragraph 28 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained therein, and therefore deny the same.

29.     In response to paragraph 29 of Plaintiff's Complaint, Defendants state that no substantive response is required.  To the extent a substantive response is necessary, Defendants deny the allegations contained therein.  Further answering, Defendants affirmatively aver that the instant frivolous and spurious action is not in the best interests of the estate, but is rather only in the best interests of John Bittner and McKool Smith, as the exorbitant amount of fees that they intend to incur are ultimately paid by the estate.

30.     In response to paragraph 30 of Plaintiff's Complaint, Defendants state that paragraph 30 states a legal conclusion and no substantive response is required.  To the extent a substantive response is necessary, Defendants deny all allegations contained in paragraph 30.

31.     In response to paragraph 31 of Plaintiff's Complaint, Defendants affirmatively aver that 11 U.S.C. § 550 speaks for itself.  Defendants deny all other allegations contained in paragraph 31.

32.     In response to paragraph 32 of Plaintiff's Complaint, Defendants state that paragraph 32 states a legal conclusion and no substantive response is required.  To the extent a substantive response is necessary, Defendants deny the allegations contained therein.

33.     In response to paragraph 33 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

34.     In response to paragraph 34 of Plaintiff's Complaint, Defendants admit that the transactions listed in paragraph 34 and which are between DCC and the Debtors are actual, enforceable loans that are reflected by binding, valid promissory notes.  Defendants are without

sufficient information and/or knowledge regarding the validity of the transactions listed in paragraph 34 between the Debtors on the one hand and Otto Candies, LLC or Candies Shipbuilders on the other hand.  Defendants deny all other allegations contained in paragraph 34.

35.     In response to paragraph 35 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

36.     In response to paragraph 36 of Plaintiff's Complaint, Defendants deny that the transfers between Deep Marine and DCC are avoidable because the obligations were to an insider, they were concealed, Deep Marine was threatened with suit, Deep Marine was insolvent or became insolvent shortly after the obligations were incurred, and Deep Marine pledged its essential assets of its business to an insider.  Defendants are without sufficient information and/or knowledge to admit or deny the remaining allegations contained in paragraph 36, and therefore deny the same.

37.     In response to paragraph 37 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

38.     In response to paragraph 38 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

**COUNT 2: PREFERENTIAL TRANSFERS UNDER 11 U.S.C. §§ 547 AND 550**

39.     In response to paragraph 39 of Plaintiff's Complaint, Defendants state that paragraph 39 states a legal conclusion and no substantive response is required.  To the extent a substantive response is required, Defendants deny the allegations contained therein.

40.     In response to paragraph 40 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained therein, and therefore deny the same.

41.     In response to paragraph 41 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained therein, and therefore deny the same.

42.     In response to paragraph 42 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained therein, and therefore deny the same.

43.     In response to paragraph 43 of Plaintiff's Complaint, Defendants state that paragraph 43 states a legal conclusion and no substantive response is required.

44.     In response to paragraph 44 of Plaintiff's Complaint, Defendants state that paragraph 44 states a legal conclusion and no substantive response is required.

## COUNT 3: RECHARACTERIZATION

45.     In response to paragraph 45 of Plaintiff's Complaint, Defendants deny that DCC's claims for "loans" should be treated as equity interests that rank below the claims of Deep Marine's creditors under the principles of equity.  Defendants are without sufficient information and/or knowledge to admit or deny all the remaining allegations contained in paragraph 45, and therefore deny the same.

46.     In response to paragraph 46 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

47.     In response to paragraph 47 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

48.     In response to paragraph 48 of Plaintiff's Complaint, Defendants admit that the loans reflected in paragraph 48 and in which involve the Debtors on the one hand and DCC on the other hand were valid, enforceable loans that are evidenced by valid and binding promissory notes executed by the Debtors.  Defendants deny that any of the transactions attributed to DCC

and listed in paragraph 48 were equity contributions. Defendants are without sufficient information and/or knowledge to admit or deny all other allegations contained in paragraph 48, and therefore deny the same.

49.     In response to paragraph 49 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## COUNT 4: EQUITABLE SUBORDINATION

50.     In response to paragraph 50 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

51.     In response to paragraph 51 of Plaintiff's Complaint, Defendants deny the allegations contained in the first sentence. As to the remaining allegations contained in paragraph 51, Defendants admit that the Debtors received the loans or advances listed in paragraph 51 and which are attributed to DCC or NJK Holding on the one hand and the Debtors on the other. Defendants affirmatively aver that the debts incurred by the Debtor and to DCC or NJK, and reflected in paragraph 51 are valid and enforceable. Defendants are without sufficient information and/or knowledge to admit or deny all other allegations contained in paragraph 51, and therefore deny the same.

52.     In response to paragraph 52 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## V.     FACTUAL BACKGROUND FOR RELATED CAUSES OF ACTION

53.     In response to paragraph 53 of Plaintiff's Complaint, Defendants admit that Kazeminy was approached regarding investing in Deep Marine. Defendants are without sufficient information and/or knowledge as to the truth of the remaining allegations contained in paragraph 53, and therefore deny the same.

### A.     Mr. Kazeminy Exercised Control Over DMT

54.     In response to paragraph 54 of Plaintiff's Complaint, Defendants affirmatively aver that starting in 2004, DCC became an investor in Deep Marine.  To the extent that the foregoing contradicts the allegations contained in paragraph 54, Defendants deny the allegations contained therein.

55.     In response to paragraph 55 of Plaintiff's Complaint, Defendants admit the allegations contained in the third and fourth sentences.  Defendants are without sufficient information and/or knowledge as to whether Kazeminy influenced Deep Marine's business affairs or Deep Marine's Board of Directors.  Defendants deny that Kazeminy controlled Deep Marine's business affairs or Deep Marine's Board of Directors.  Defendants admit that Kazeminy was a member of the board for a period of time.  Defendants deny the remaining allegations contained in paragraph 55.

56.     In response to paragraph 56 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

57.     In response to paragraph 57 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

58.     In response to paragraph 58 of Plaintiff's Complaint, Defendants admit that in 2008 and 2009, DCC and Deep Marine entered into various loan agreements, many of which were executed by John Hudgens.  Defendants further admit that these loans total approximately $10.5 million.  Defendants admit that DCC seeks the repayment of these loans as part of this bankruptcy proceeding.  Defendants deny all other allegations contained in paragraph 58.

**B.      Otto Candies, LLC Made Fraudulent Transfers Mischaracterized as Loans**

59.      In response to paragraph 59 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

60.      In response to paragraph 60 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

61.      In response to paragraph 61 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

**C.      Otto Candies, LLC Further Exacerbated Deep Marine's Financial Position**

62.      In response to paragraph 62 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

**a)      Mother Theresa**

63.      In response to paragraph 63 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

**b)      DMT Diamond (formerly the Nicki Candies)**

64.      In response to paragraph 64 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

65.     In response to paragraph 65 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

### c)      DMT Topaz (formerly the Agnes)

66.     In response to paragraph 66 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

67.     In response to paragraph 67 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

68.     In response to paragraph 68 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

69.     In response to paragraph 69 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

### d)      DMT Emerald

70.     In response to paragraph 70 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

71.     In response to paragraph 71 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

e)      **DMT Sapphire (formerly the Kelly Ann)**

72.      In response to paragraph 72 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

73.      In response to paragraph 73 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

**D.      <u>Kazeminy and Candies Defendants Forced Minority Shareholders out of DMT via a Short Form Merger</u>**

74.      In response to paragraph 74 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

**E.      <u>Mr. Kazeminy Instructed Deep Marine to Make Questionable Payments</u>**

75.      In response to paragraph 75 of Plaintiff's Complaint, Defendants deny the allegations contained in the first, second and third sentences of paragraph 75.  Defendants affirmatively aver that if Deep Marine did not receive any meaningful services from Hays, it is because Paul McKim and B.J. Thomas, in breach of their duties owed to Deep Marine, refused to utilize Hays.  Defendants admit the allegations contained in the last sentence of paragraph 75.

## VI.      CAUSES OF ACTION

## COUNT 5: BREACH OF FIDUCIARY DUTIES

### A.      <u>The Kazeminy Defendants</u>

76.      In response to paragraph 76 of Plaintiff's Complaint, Defendants state that no substantive response is required.

77.     In response to paragraph 77 of Plaintiff's Complaint, Defendants state that paragraph 77 states a legal conclusion and no substantive response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

78.     In response to paragraph 78 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

79.     In response to paragraph 79 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

80.     In response to paragraph 80 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

**B.     The Candies Defendants**

81.     In response to paragraph 81 of Plaintiff's Complaint, Defendants state that no substantive response is required.

82.     In response to paragraph 82 of Plaintiff's Complaint, Defendants state that paragraph 82 states a legal conclusion and no substantive response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

83.     In response to paragraph 83 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

84.     In response to paragraph 84 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

85.     In response to paragraph 85 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

## C.    All Defendants

86.    In response to paragraph 86 of Plaintiff's Complaint, Defendants state that no substantive response is required.

87.    In response to paragraph 87 of Plaintiff's Complaint, Defendants deny the allegations contained in the first, second, fourth, fifth, sixth and seventh sentences of paragraph 87. Defendants admit that through a validly executed short form merger under Delaware law, the Kazeminy Defendants were permitted to cancel the shares of minority shareholders if they acquired the requisite statutory percentage. Defendants further affirmatively aver that The Triomphe Investors, LLC purchased Joseph Grano's shares. Defendants deny all other allegations contained in paragraph 87.

88.    In response to paragraph 88 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

89.    In response to paragraph 89 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## COUNT 6: AIDING AND ABETTING BREACH OF FIDUCIARY DUTIES

90.    In response to paragraph 90 of Plaintiff's Complaint, Defendants state that no substantive response is required.

91.    In response to paragraph 91 of Plaintiff's Complaint, Defendants deny that the Kazeminy Defendants had any knowledge of any breach of any fiduciary duties by the Candies Defendants, to the extent any occurred. As to the remaining allegations contained in paragraph 91, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

92.    In response to paragraph 92 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

93.     In response to paragraph 93 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

94.     In response to paragraph 94 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## COUNT 7: SHAREHOLDER OPPRESSION

95.     In response to paragraph 95 of Plaintiff's Complaint, Defendants state that no substantive response is required.

96.     In response to paragraph 96 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

97.     In response to paragraph 97 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

98.     In response to paragraph 98 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## COUNT 8: FRAUD AND FRAUDULENT INDUCEMENT

99.     In response to paragraph 99 of Plaintiff's Complaint, Defendants state that no substantive response is required.

100.    In response to paragraph 100 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

101.    In response to paragraph 101 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

102.    In response to paragraph 102 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

103.    In response to paragraph 103 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

104.    In response to paragraph 104 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

105.    In response to paragraph 105 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

106.    In response to paragraph 106 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

## COUNT 9: NEGLIGENT MISREPRESENTATION

107.    In response to paragraph 107 of Plaintiff's Complaint, Defendants state that no substantive response is required.

108.    In response to paragraph 108 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

109.    In response to paragraph 109 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

110.    In response to paragraph 110 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

111.    In response to paragraph 111 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

112.    In response to paragraph 112 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

113.    In response to paragraph 113 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

114.    In response to paragraph 114 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

115.    In response to paragraph 115 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

116.    In response to paragraph 116 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

### COUNT 10: BREACH OF CONTRACT

117.    In response to paragraph 117 of Plaintiff's Complaint, Defendants state that no substantive response is required.

118.    In response to paragraph 118 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

119.    In response to paragraph 119 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

120.    In response to paragraph 120 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

121.    In response to paragraph 121 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

122.    In response to paragraph 122 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## COUNT 11: TORTIOUS INTERFERENCE

123.    In response to paragraph 123 of Plaintiff's Complaint, Defendants state that no substantive response is required.

124.    In response to paragraph 124 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

125.    In response to paragraph 125 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

126.    In response to paragraph 126 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

## COUNT 12: RESTITUTION AND UNJUST ENRICHMENT

127.     In response to paragraph 127 of Plaintiff's Complaint, Defendants state that no substantive response is required.

128.     In response to paragraph 128 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

129.     In response to paragraph 129 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

130.     In response to paragraph 130 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## COUNT 13: MONEY HAD AND RECEIVED

131.     In response to paragraph 131 of Plaintiff's Complaint, Defendants state that no substantive response is required.

132.     In response to paragraph 132 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## COUNT 14: CONVERSION

133.     In response to paragraph 133 of Plaintiff's Complaint, Defendants state that no substantive response is required.

134.     In response to paragraph 134 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

135.     In response to paragraph 135 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## COUNT 15: CONSPIRACY

136.     In response to paragraph 136 of Plaintiff's Complaint, Defendants state that no substantive response is required.

137.    In response to paragraph 137 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

138.    In response to paragraph 138 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

139.    In response to paragraph 139 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## COUNT 16: PARTNERSHIP LIABILITY

140.    In response to paragraph 140 of Plaintiff's Complaint, Defendants state that no substantive response is required.

141.    In response to paragraph 141 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

142.    In response to paragraph 142 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

143.    In response to paragraph 143 of Plaintiff's Complaint, Defendants deny that the Kazeminy Defendants are liable for any debts and obligations owed by Deep Marine or that they formed a partnership with any of the Candies Defendants.  As to the remaining allegations contained in paragraph 143, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

## COUNT 17: ATTORNEYS' FEES

144.    In response to paragraph 144 of Plaintiff's Complaint, Defendants state that no substantive response is required.

145.    In response to paragraph 145 of Plaintiff's Complaint, Defendants state that no substantive response is required.  To the extent a response is necessary, DCC, Kazeminy and NJK deny that the Trustee is entitled to attorneys' fees and affirmatively aver that they are

22

entitled to an award of attorneys' fees and costs due to the Trustee's bad faith pursuit of the Complaint.

## VII.    OBJECTIONS TO INSIDERS' PROOFS OF CLAIM

### A.        OBJECTIONS TO INSIDER PROOFS OF CLAIM AGAINST DMH

### CLAIM OBJECTION 1: NJK HOLDING'S Claim #122 in Case # 09-39313

146.    In response to paragraph 146 of Plaintiff's Complaint, Defendants state that no response is required to the first and third sentences. Defendants deny all other allegations contained in paragraph 146.

147.    In response to paragraph 147 of Plaintiff's Complaint, Defendants state that no response is required to the first sentence. In response to the second sentence of paragraph 147, Defendants state that claim #122 speaks for itself. Defendants deny all other allegations contained in paragraph 147.

148.    In response to paragraph 148 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

149.    In response to paragraph 149 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

150.    In response to paragraph 150 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

### CLAIM OBJECTION 2: NJK HOLDING'S Claim #123 in Case # 09-39313

151.    In response to paragraph 151 of Plaintiff's Complaint, Defendants state that no response is required to the first and third sentences. Defendants deny all other allegations contained in paragraph 151.

152.    In response to paragraph 152 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

153.    In response to paragraph 153 of Plaintiff's Complaint, Defendants affirmatively aver that pursuant to the Oversight Services Agreements dated June 12, 2006 and May 31, 2008, both of which Plaintiff admits are in existence, claim number 123 is valid and $656,000 is owed to Defendants. To the extent that any allegation contained in paragraph 153 and which relates to Defendants contradicts or is not otherwise addressed by this response, Defendants deny the same.

154.    In response to paragraph 154 of Plaintiff's Complaint, Defendant states that Claim #123 speaks for itself. Defendants deny all other allegations contained in paragraph 154.

155.    In response to paragraph 155 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

156.    In response to paragraph 156 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

157.    In response to paragraph 157 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

**CLAIM OBJECTION 3: NJK HOLDING'S Claim #124 in Case # 09-39313**

158.    In response to paragraph 158 of Plaintiff's Complaint, Defendants state that no response is required to the first and third sentences. Defendants deny all other allegations contained in paragraph 158.

159.    In response to paragraph 159 of Plaintiff's Complaint, Defendants state that Claim #124 speaks for itself. Defendant denies all other allegations contained in paragraph 159.

160.    In response to paragraph 160 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

161.    In response to paragraph 161 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

162.    In response to paragraph 162 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

### CLAIM OBJECTION 4: NASSER KAZEMINY'S Claim #125 in Case # 09-39313

163.    In response to paragraph 163 of Plaintiff's Complaint, Defendants state that no response is required to the first and third sentences. Defendants deny all other allegations contained in paragraph 163.

164.    In response to paragraph 164 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

165.    In response to paragraph 165 of Plaintiff's Complaint, Defendants state that Claim #125 speaks for itself. Defendant denies all other allegations contained in paragraph 165.

166.    In response to paragraph 166 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

167.    In response to paragraph 167 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

168.    In response to paragraph 168 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

### CLAIM OBJECTION 5: OTTO CANDIES, III'S Claim #136 in Case # 09-39313

169.    In response to paragraph 169 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

170.    In response to paragraph 170 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

171.    In response to paragraph 171 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

**CLAIM OBJECTION 6: OTTO CANDIES, LLC'S Claim #9 in Case # 09-39314**

172.    In response to paragraph 172 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

173.    In response to paragraph 173 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

174.    In response to paragraph 174 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

175.    In response to paragraph 175 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

**CLAIM OBJECTION 7: OTTO CANDIES, LLC'S Claim #10 in Case # 09-39314**

176.    In response to paragraph 176 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

177.    In response to paragraph 177 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

178.    In response to paragraph 178 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

179.    In response to paragraph 179 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

**CLAIM OBJECTION 8: OTTO CANDIES, LLC'S Claim #11 in Case # 09-39314**

180.    In response to paragraph 180 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

181.    In response to paragraph 181 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

182.    In response to paragraph 182 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

183.    In response to paragraph 183 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

184.    In response to paragraph 184 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

### CLAIM OBJECTION 9: OTTO CANDIES, LLC'S Claim #12 in Case # 09-39314

185.    In response to paragraph 185 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

186.    In response to paragraph 186 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

187.    In response to paragraph 187 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

188.    In response to paragraph 188 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

189.    In response to paragraph 189 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

### CLAIM OBJECTION 10: OTTO CANDIES, LLC'S Claim #13 in Case # 09-39314

190.    In response to paragraph 190 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

191.    In response to paragraph 191 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

192.    In response to paragraph 192 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

**CLAIM OBJECTION 11: CANDIES' SHIPBUILDERS Claim #14 in Case # 09-39314**

193.    In response to paragraph 193 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

194.    In response to paragraph 194 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

195.    In response to paragraph 195 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

196.    In response to paragraph 196 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

197.    In response to paragraph 197 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

**CLAIM OBJECTION 12: DCC VENTURES' Claim #34 in Case # 09-39314**

198.    In response to paragraph 198 of Plaintiff's Complaint, Defendants state that no response is required to the first and third sentences. Defendants deny all other allegations contained in paragraph 198.

199.    In response to paragraph 199 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

200.    In response to paragraph 200 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

201.    In response to paragraph 201 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

**CLAIM OBJECTION 13: NJK HOLDING'S Claim #35 in Case # 09-39314**

202.    In response to paragraph 202 of Plaintiff's Complaint, Defendants state that no response is required to the first and third sentences. Defendants deny all other allegations contained in paragraph 202.

203.    In response to paragraph 203 of Plaintiff's Complaint, Defendants state that Claim #35 speaks for itself. Defendant denies all other allegations contained in paragraph 203.

204.    In response to paragraph 204 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

205.    In response to paragraph 205 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

206.    In response to paragraph 206 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

**CLAIM OBJECTION 14: NJK HOLDING'S Claim #36 in Case # 09-39314**

207.    In response to paragraph 207 of Plaintiff's Complaint, Defendants state that no response is required to the first and third sentences. Defendants deny all other allegations contained in paragraph 207.

208.    In response to paragraph 208 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

209.    In response to paragraph 209 of Plaintiff's Complaint, Defendants affirmatively aver that pursuant to the Oversight Services Agreements dated June 12, 2006 and May 31, 2008, both of which Plaintiff admits are in existence, claim number 36 is valid and $656,000 is owed to Defendants. To the extent that any allegation contained in paragraph 153 and which relates to Defendants contradicts or is not otherwise addressed by this response, Defendants deny the same.

210.    In response to paragraph 210 of Plaintiff's Complaint, Defendants state that Claim #36 speaks for itself. Defendant denies all other allegations contained in paragraph 210.

211.    In response to paragraph 211 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

212.    In response to paragraph 212 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

213.    In response to paragraph 213 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

**CLAIM OBJECTION 15: NJK HOLDING'S Claim #38 in Case # 09-39314**

214.    In response to paragraph 214 of Plaintiff's Complaint, Defendants state that no response is required to the first and third sentences. Defendants deny all other allegations contained in paragraph 214.

215.    In response to paragraph 215 of Plaintiff's Complaint, Defendants state that Claim #38 speaks for itself. Defendant denies all other allegations contained in paragraph 215.

216.    In response to paragraph 216 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

217.    In response to paragraph 217 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

218.    In response to paragraph 218 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

**CLAIM OBJECTION 16: NASSER KAZEMINY'S Claim #41 in Case # 09-39314**

219.    In response to paragraph 219 of Plaintiff's Complaint, Defendants state that no response is required to the first and third sentences. Defendants deny all other allegations contained in paragraph 219.

220.    In response to paragraph 220 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

221.    In response to paragraph 221 of Plaintiff's Complaint, Defendants state that Claim #41 speaks for itself. Defendant denies all other allegations contained in paragraph 221.

222.    In response to paragraph 222 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

223.    In response to paragraph 223 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

224.    In response to paragraph 224 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

**CLAIM OBJECTION 17: OTTO CANDIES III'S Claim #46 in Case # 09-39314**

225.    In response to paragraph 225 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

226.    In response to paragraph 226 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

227.    In response to paragraph 227 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

**CLAIM OBJECTION 18: OTTO CANDIES, LLC'S Claim #3 in Case # 09-39315**

228.    In response to paragraph 228 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

229.    In response to paragraph 229 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

230.     In response to paragraph 230 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

231.     In response to paragraph 231 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

### CLAIM OBJECTION 19: OTTO CANDIES, LLC'S Claim #1 in Case # 09-39316

232.     In response to paragraph 232 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

233.     In response to paragraph 233 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

234.     In response to paragraph 234 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

235.     In response to paragraph 235 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

### CLAIM OBJECTION 20: OTTO CANDIES, LLC'S Claim #3 in Case # 09-39317

236.     In response to paragraph 236 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

237.     In response to paragraph 237 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

238.     In response to paragraph 238 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

239.     In response to paragraph 239 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

**CLAIM OBJECTION 21: OTTO CANDIES, LLC'S Claim #4-2 in Case # 09-39317**

240.     In response to paragraph 240 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

241.     In response to paragraph 241 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

242.     In response to paragraph 242 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

243.     In response to paragraph 243 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

**CLAIM OBJECTION 22: DCC VENTURES' Claim #10 in Case # 09-39317**

244.    In response to paragraph 244 of Plaintiff's Complaint, Defendants state that no response is required to the first and third sentences. Defendants deny all other allegations contained in paragraph 244.

245.    In response to paragraph 245 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

246.    In response to paragraph 246 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

247.    In response to paragraph 247 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

248.    In response to paragraph 248 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

**CLAIM OBJECTION 23: OTTO CANDIES, LLC'S Claim #3 in Case # 09-39318**

249.    In response to paragraph 249 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

250.    In response to paragraph 250 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

251.    In response to paragraph 251 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

252.    In response to paragraph 252 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

**CLAIM OBJECTION 24: CANDIES SHIPBUILDERS' Claim #8 in Case # 09-39318**

253.    In response to paragraph 253 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

254.    In response to paragraph 254 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

255.    In response to paragraph 255 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

256.    In response to paragraph 256 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

257.    In response to paragraph 257 of Plaintiff's Complaint, Defendants are without sufficient information and/or knowledge needed to admit or deny the same, and therefore deny the same.

**<u>TWELFTH OBJECTION TO ALL INSIDER PROOFS OF CLAIM</u>**

258.    In response to paragraph 258 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## **AFFIRMATIVE DEFENSES**

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      The Complaint is barred by the doctrines of laches, unclean hands, waiver, estoppel, settlement and release, and/or accord and satisfaction.

3.      The Complaint is barred because the Debtor(s) did not suffer any damages and/or failed to mitigate damages, if any.

4.      The Complaint is meritless, brought in bad faith by the Trustee and not in the best interests of the Debtors' estate.  Instead, Plaintiff's Complaint is only being pursued to allow the Trustee and his attorneys' to charge Debtors' estate exorbitant fees.

5.      Defendants deny that equity and the interest of justice permit this suit to proceed.

6.      Alternatively, the damages allegedly sustained by the Debtor(s), if any, were not caused by, contributed to, or brought about by any action, omission or fault of Defendants or on the part of any person or entity for which any of them are responsible.

7.      Alternatively, the damages allegedly suffered by the Debtors(s), if any, were caused by the actions of persons and/or entities other than the Defendants, over which Defendants had no control or responsibility and for which Defendants have no liability.

8.      The majority of the claims brought by the Trustee contained in the Complaint have previously been determined to be frivolous and without merit. Specifically, almost identical claims which were previously brought in Texas state court were dismissed after the Court found that the Special Litigation Committee lawfully assumed control of the proceedings, and determined in good faith after conducting a reasonable inquiry, that the pursuit of the action would be detrimental and not in the best interests of Deep Marine Holdings and Deep Marine Technologies.

9.     The Trustee's pursuit of the claims in the Complaint is a waste of judicial economy and the Debtor(s)' resources.

10.     Those transactions identified by the Trustee between the Debtor(s) and the Defendants cannot be avoided pursuant to 11 U.S.C. § 547.

11.     Those transaction identified by the Trustee between the Debtor(s) and the Defendants are not fraudulent transfers under 11 U.S.C. § 548.

12.     The Trustee has failed to plead any cognizable claim for "breach of fiduciary duties."

13.     The Trustee has failed to plead any cognizable claim for "aiding and abetting breach of fiduciary duties."

14.     The Trustee has failed to plead any cognizable claim for "shareholder oppression."

15.     The Trustee does not have standing to pursue certain causes of action alleged in the Complaint, including, but not limited to, shareholder oppression.

16.     The Trustee has failed to plead any cognizable claim for "fraud and fraudulent inducement."

17.     The Trustee has failed to plead any cognizable claim for "negligent misrepresentation."

18.     The Trustee has failed to plead any cognizable claim for "breach of contract."

19.     The Trustee has failed to plead any cognizable claim for "tortious interference."

20.     The Trustee has failed to plead any cognizable claim for "restitution and unjust enrichment."

21.     The Trustee has failed to plead any cognizable claim for "money had and received."

22.     The Trustee has failed to plead any cognizable claim for "conversion."

23.     The Trustee has failed to plead any cognizable claim for "conspiracy."

24.     The Trustee has failed to plead any cognizable claim for "partnership liability."

25.     The Trustee is not entitled to attorneys' fees.

26.     The claims contained in the Complaint are barred by the business judgment rule.

27.     The claims contained in the Complaint are barred by the lawful ratification and instructions of the Board of Directors of Debtor(s).

28.     The claims contained in the Complaint are barred by the lawful actions of shareholder of the Debtor(s).

29.     The claims contained in the Complaint are barred by the lawful ratification and instructions are the shareholders of the Debtor(s).

30.     The claims contained in the Complaint are barred by estoppel of benefits and/or ratification and waiver.

31.     Pursuant to Bankruptcy Rule of Procedure 7015 and other applicable law, Defendants reserve the right to amend their Answer and Affirmative Defenses to include any and all affirmative defenses that are not currently known to it, but which may be revealed to it during the course of discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully requests that this Court:

1.      Dismiss Plaintiff's Complaint, on the merits and with prejudice;

2.      Enter judgment in favor of Defendants;

3.     Issue sanctions against Plaintiff and his counsel in the form of Defendants' attorneys' fees and costs as a result of Plaintiff's bad-faith and frivolous filing of the Complaint; and,

4.     Order such other relief as the Court deems equitable and just.

Dated: October 4, 2010.

THOMAS S. HENDERSON, Attorney At Law

By:   _____

Thomas S. Henderson (TBA No. 09432300)

South Tower, Pennzoil Place
711 Louisiana, Suite 3100
Houston, Texas 77002-2716
Telephone: (713) 227-9500
Facsimile:   (713) 620-3023

- and -

WINTHROP & WEINSTINE, P.A.

Robert R. Weinstine, #0115435
Joseph M. Windler, #0387758
Suite 3500 Capella Tower
225 South Sixth Street
Minneapolis, Minnesota  55402
Telephone:  (612) 604-6400
Facsimile:  (612) 604-6800

ATTORNEYS FOR NASSER KAZEMINY, DCC
VENTURES, LLC, and NJK HOLDING
CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served on the attorneys for the

Plaintiff Liquidating Trustee, Hugh M. Ray, III and Paul D. Moak, McKool Smith, 600 Travis,

Suite 7000, Houston, Texas 77002, and on the attorneys for the Intervening Plaintiff, GECC,

Susan C. Mathews, Adams and Reese, LLP, 4400 One Houston Center, 1221 McKinney,

Houston, Texas 77010, by ECF filing on the 4th day of October, 2010.

_____
Thomas S. Henderson