# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC., et al. | § | CASE NO. 09-39313-H1-11 |
| | § | (Chapter 11) |
| Debtor | § | (Consolidated) |

| | | |
|---|---|---|
| JOHN BITTNER, LIQUIDATING TRUSTEE, | § § | |
| Plaintiff, | § § | |
| V. | § § | ADVERSARY NO. 10-3312 |
| NASSER KAZEMINY, NJK HOLDING CORP., DCC VENTURES, LLC, OTTO B., CANDIES, JR., OTTO B. CANDIES, III, OTTO CANDIES, LLC AND CANDIES SHIPBUILDERS, | § § § § § § | |
| Defendants, | § § | |
| - and - | § § | |
| DEEP MARINE HOLDINGS, INC. AND DEEP MARINE TECHNOLOGIES, INC., | § § § | |
| Nominal Defendants/Debtors | § | |
| GENERAL ELECTRIC CAPITAL CORPORATION | § § § | |
| Intervening Plaintiff | § § | |
| V. | § § | |
| OTTO CANDIES, LLC | § § | |
| Defendant in Intervention | § | |

### ANSWER OF OTTO CANDIES, LLC TO GENERAL ELECTRIC CAPITAL CORPORATION'S COMPLAINT IN INTERVENTION

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Otto Candies, LLC ("Otto Candies") and for its answer to General Electric Capital Corporation's ("GECC") Complaint in Intervention (the "GECC Complaint") denies each and every allegation contained in the GECC Complaint unless specifically admitted herein, and specifically says as follows:

1. Otto Candies admits the allegations in Paragraphs 1, 2, 4, 5, 16 through 20 of the GECC Complaint, although, notwithstanding the allegation in Paragraph 19 of the GECC Complaint, the Effective Date of the Plan was July 9, 2010, not July 12.

2. As the allegations contained in Paragraph 3 of the GECC Complaint constitute a statement of legal position or representation as to the procedural status of the action, no answer by way of admission or denial is required.

3. Otto Candies is without knowledge as to the truth and accuracy of the allegations contained in Paragraphs 6 through 15 of the GECC Complaint, and accordingly denies the same.

4. Otto Candies denies the allegations contained in the first sentence of Paragraph 21 of the GECC Complaint. Otto Candies admits the balance of the allegations in Paragraph 21 of the GECC Complaint. Notwithstanding this admission, Otto Candies takes exception to the characterization of its claims by GECC's definition of certain of its lien claims as being "Insider Priming Liens." While Otto Candies holds priming liens, its status as an insider of Deep Marine Holdings, Inc. is wholly irrelevant validity or priority of the subject liens.

5. Otto Candies admits the allegations contained in the first sentence of Paragraph 22 of the GECC Complaint. As the allegations contained in the balance of said Paragraph 22 of the GECC Complaint constitute statements of legal position or representations regarding the procedural status of the action, no answer by way of admission or denial is required.

6. Otto Candies admits the allegations of Paragraph 23 of the GECC Complaint that it originally sold the DMT DIAMOND to DM1, which sale was financed by a loan.

7. Otto Candies admits that its loan and mortgage on the DMT DIAMOND were released at the closing of the Diamond Loan. Except as admitted, the allegations contained in Paragraph 24 of the GECC Complaint are denied.

8. In response to the allegations of Paragraph 25 of the GECC Complaint, Otto Candies avers that the Diamond Mortgage is the best evidence of its terms and conditions, which are hereby incorporated by reference as if plead in extenso.

9. Otto Candies avers that the allegations contained in Paragraph 26 of the Cross Claim contain conclusions of law that require no answer, but if an answer should be required then said allegations are denied. Further answering, Otto Candies avers that (1) it has a valid preferred maritime lien for seaman wages which is senior in priority to GECC's preferred ship mortgage, (2) the allegation that Otto Candies was an "insider," which is denied, is not germane to the issue of the validity of its lien under Maritime Law or to the ranking of liens with respect to this interpleader, (3) Otto Candies was not a party to the Diamond Loan and therefore had no obligation or duty to the mortgagee, and therefore could not be in breach of any obligation.

10. In response to the allegations of Paragraph 27 of the GECC Complaint, Otto Candies avers that the Diamond Mortgage is the best evidence of its terms and conditions, which are hereby incorporated by reference as if plead in extenso.

11. Otto Candies denies the allegations contained in Paragraph 28 of the GECC Complaint. Further answering, Otto Candies avers that it was not a party to the Diamond Loan and consequently had no duties or obligations to the mortgagee under the Diamond Loan. Otto

Candies further denies that it was an 'insider,' and avers that the issue of equitable subordination is not relevant to the validity and ranking of maritime liens.

12. In response to the allegations of Paragraph 29 of the GECC Complaint, Otto Candies avers that the Diamond Mortgage is the best evidence of its terms and conditions, which are hereby incorporated by reference as if plead in extenso.

13. Otto Candies admits that it filed a proof of claim against the DM I and an amended proof of claim and avers that its proof of claim, as amended, is the best evidence of its contents, which are hereby incorporated by reference as if plead in extenso. Except as admitted, the allegations contained in Paragraph 30 of the GECC Complaint are denied.

14. Otto Candies denies the allegations of Paragraph 31 of the GECC Complaint. Further, Otto Candies denies that it was a party to the Diamond Loan and denies that it had any contractual duty or obligation to the mortgagee as alleged in Paragraph 31 of the GECC Complaint.  Further all allegations that Otto Candies was an "insider," are not relevant to the issue of validity or ranking of liens under Maritime Law.

15. Otto Candies denies the allegations contained in Paragraph 32 of the GECC Complaint.

16. Otto Candies denies the allegations contained in Paragraph 33 of the GECC Complaint.

17. Otto Candies admits the allegations of Paragraph 34 of the GECC Complaint that on April 22, 2005, DMT entered into a Bareboat Charter Party with DM1 for the DMT DIAMOND and that Otto Candies agreed to provide crewing and other services to DMT, *an entity in which it then owned no interest*, with respect to the DMT DIAMOND pursuant to the

terms of the Vessel Operating Agreement. Except as admitted, the allegations of Paragraph 34 of the GECC Complaint are denied.

18. The allegations of Paragraph 35 of the GECC Complaint are denied. Further answering the allegations of Paragraph 35, Otto Candies denies that it was a party to the Diamond Loan Agreement or had any duty or obligations to the mortgagee under the Diamond Loan Agreement.

19. Otto Candies avers that the letter, dated November 27, 2006, and signed by Otto Candies, is the best evidence of its terms and conditions which are hereby incorporated by reference as if plead in extenso. Excepted as admitted, the allegations of Paragraph 36 of the GECC Complaint are denied.

20. The allegations contained in Paragraphs 37 through 39 of the GECC Complaint are denied.

21. Otto Candies admits that the Operating Agreement required DMT to pay Otto Candies within 30 days of a monthly invoice. The remaining allegations of Paragraph 40 of the GECC Complaint are denied.

22. The allegations contained in Paragraphs 41 and 42 of the GECC Complaint are denied. Otto Candies specifically denies GECC's continued implication that Otto Candies is one and the same with DM1 or any other Debtor and that notice to DM1 or any other Debtor is notice to Otto Candies.

23. Otto Candies is without knowledge of the truth and accuracy of the allegations contained in Paragraph 43 of the GECC Complaint, and accordingly denies the same.

24. The allegations of Paragraphs 44 through 46 of the GECC Complaint do not pertain to the DMT DIAMOND and hence to relief sought in the GECC Complaint, and

therefore do not require an answer in this proceeding, but if an answer should be required, then said allegations are denied.

25. As the allegations in Paragraph 47 of the GECC Complaint are predicated on speculation and supposition of unknowable facts, the same are denied.

26. Otto Candies denies the allegations contained in Paragraph 48 of the GECC Complaint for lack of information sufficient to form a belief as to the truth of said allegations.

27. Otto Candies denies the allegations contained in Paragraph 49 of the GECC Complaint, and specifically denies the allegation that it concealed its lien or that it had any obligation to GECC to disclose its lien.

28. The allegations contained in Paragraph 50 of the GECC Complaint do not pertain to the DMT DIAMOND nor to the relief sought in the GECC Complaint and therefore require no answer, but if an answer should be required, then Otto Candies denies said allegations. Further answering, Otto Candies avers that the email mentioned in Paragraph 50 of the Cross Claim is the best evidence of its content.

29. Otto Candies avers that the email referenced in Paragraph 51 of the GECC Complaint is the best evidence of its content.

30. Otto Candies denies the allegations contained in Paragraph 52 for lack of sufficient information to form a belief as to the truth of said allegations.

31. Otto Candies avers that the allegations contained in Paragraph 53 are not relevant to the validity and ranking of maritime liens and therefore require no answer.

32. Otto Candies admits that it filed a notice pursuant to 11 U.S.C §546(b) and a proof of claim with respect to its maritime liens on the DMT DIAMOND for $5.6 million for reimbursement of seamen's wages. (Otto Candies has subsequently filed amended proofs of

claims in order to differentiate between that portion of its lien pertaining to seamen's wages and that portion pertaining to other necessaries provided to the DMT DIAMOND.) Otto Candies further admits that its lien for seamen's wages primes GECC's mortgage. Except as admitted, the remaining allegations contained in Paragraph 54 of the GECC Complaint are denied.

33. The allegations contained in Paragraph 55 of the GECC Complaint are denied.

34. The allegations contained in Paragraph 56 of the GECC Complaint are denied for lack of sufficient information to form a belief as to the truth of said allegations. Otto Candies further avers that said allegations are not relevant to the validity and ranking of the liens under maritime law.

35. The allegations contained in Paragraphs 57 through 59 of the GECC Complaint are denied.

36. Otto Candies admits the allegations in Paragraph 60 of the GECC Complaint.

37. As the allegations in Paragraph 61 of the GECC Complaint constitute a statement of legal position or representation of procedural status, no answer by way of admission or denial is required.

38. In response to the allegations of Paragraph 62 of the GECC Complaint, Otto Candies adopts its prior responses to each of the corresponding factual allegations of the GECC Complaint.

39. With respect to the allegations of Paragraph 63 of the GECC Complaint, Otto Candies (i) avers that the allegations regarding "insider" issue is not relevant to the validity and ranking of liens under maritime law, and (ii) denies that it controlled the operations and management of the Debtors.

40.     Otto Candies denies the allegations contained in Paragraph 64 of the GECC Complaint.

41.     As the statements made in Paragraphs 65 and 66 of the GECC Complaint constitute requests for relief, no answer by way of admission or denial is required.

42.     In response to the allegations of Paragraph 67 of the GECC Complaint, Otto Candies adopts its prior responses to each of the corresponding factual allegations of the GECC Complaint.

43.     As the statements made in Paragraph 68 of the GECC Complaint constitute either statement of legal position legal argument, no answer by way of admission or denial is required. To the extent any of the allegations do require response, the same are denied.

44.     As the statements made in Paragraph 69 of the GECC Complaint constitute requests for relief, no answer by way of admission or denial is required.

## **AFFIRMATIVE DEFENSES**

45.     The Complaint fails to state a claim upon which relief can be granted.

46.     The claims are barred by the doctrines of laches, unclean hands, ratification, waiver and estoppel.

47.     The Complaint is barred because GECC did not suffer any damages and/or failed to mitigate its damages, if any.

48.     The Complaint is barred because of GECC's assumption of risk, negligence and other fault.

49.     Alternatively, the damages allegedly sustained by GECC, if any, were not caused by, contributed to, or brought about by any action, omission or fault of Otto Candies or on the part of any person or entity for which Otto Candies is responsible.

50.     Alternatively, the damages allegedly suffered by GECC, if any, were caused by the actions, omissions and/or fault of persons and/or entities other than Otto Candies over which Otto Candies had no control or responsibility and for which Otto Candies can have no liability.

51.     Otto Candies had no duty to GECC, including no duty to notify GECC of Otto Candies' provision of goods and/or services to the Debtor or the vessel, and no duty to notify GECC of Otto Candies' claims or liens, and Otto Candies breached no duty to GECC.

52.     There is no privity of contract between GECC and Otto Candies.

53.     Pursuant to Bankruptcy Rule of Procedure 7015 and other applicable law, Otto Candies reserves the right to amend its Answer and Affirmative Defenses to include any and all affirmative defenses that are not currently known to it, but which may be revealed during the course of discovery.

WHEREFORE, Otto Candies, L.L.C. prays, that after due proceedings had, it be granted judgment in its favor dismissing the claims asserted in the GECC Complaint with prejudice and that it have such other legal and equitable relief to which it may be entitled.

Dated: October 4, 2010

THOMAS S. HENDERSON, Attorney At Law

By: */s/ T.S. Henderson*

Thomas S. Henderson (TBA No. 09432300)

South Tower, Pennzoil Place
711 Louisiana, Suite 3100
Houston, Texas 77002-2716
Telephone: (713) 227-9500
Facsimile:   (713) 620-3023

-and-

**BALDWIN HASPEL BURKE & MAYER, LLC**
Karl J. Zimmermann (La. Bar No. 14481)
Thomas J. Cortazzo (La. Bar No. 18174)
Jena W. Smith (La. Bar No. 25255)

Energy Centre - 22nd Floor
1100 Poydras Street, Suite 2200
New Orleans, Louisiana 70163
Telephone:504.569.2900
Facsimile: 504.569.2099

COUNSEL FOR OTTO CANDIES LLC

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served on the attorneys for the Intervening Plaintiff, Susan C. Mathews, Adams and Reese, LLP, 4400 One Houston Center, 1221 McKinney, Houston, Texas 77010, and the attorneys for the Plaintiff, Hugh M. Ray, III and Paul D. Moak, McKool Smith, 600 Travis, Suite 7000, Houston, Texas 77002, by ECF filing on the 4th day of October, 2010.

Thomas S. Henderson