



October 15, 2008

WINTHROP & WEINSTINE
ATTORNEYS AND COUNSELORS AT LAW

Robert R. Weinstine
Direct Dial: (612) 604-6613
Direct Fax: (612) 604-6813
rweinstine@winthrop.com

**VIA E-MAIL and U.S. MAIL**
Katherine B. Harrison
Paduano & Weintraub LLP
1251 Avenue of the Americas
Ninth Floor
New York, NY 10020

Re:   Deep Marine

Dear Ms. Harrison:

I enclose herewith a copy of your partner's October 10, 2008 letter. Please note that a representative of NJK Holdings was a direct addressee of the letter.

We have no intention of going forward on a piecemeal basis. Accordingly, all documentation and related matters will be made available during the course of the investigation.

In the interim, let me reiterate that any effort to leak this defamatory information in a derivative complaint or otherwise will result in litigation. This is not a threat, it is reality.

Once again, I hope we can work on a cooperative basis and we will facilitate responding to your requests through the independent investigation.

Very truly yours,

WINTHROP & WEINSTINE, P.A.

Robert R. Weinstine

Robert R. Weinstine
RRW/djl
Enclosure
4090551v1

PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099

October 10, 2008

**VIA FAX & FEDERAL EXPRESS**

Mr. Bruce C. Gilman
514 Rancho Bauer Drive
Houston, Texas 77079

Mr. Paul McKim
13502 Crosslyn Lane
Cypress, Texas 77429

Mr. John Ellingboe
NJK Holdings Corporation
7803 Glenroy Road, Suite 300
Bloomington, Minnesota 55439

Mr. Larry E. Lenig Jr.
ComVest
One Clematis Street, Suite 300
West Palm Beach, Florida 33401

Mr. Daniel Ericksen
Deep Marine Technology, Inc.
20411 Imperial Valley Drive
Houston, Texas 77073

Re: <u>Shareholder Demand Letter to the Board of Directors</u>

Gentlemen:

      We represent FLI Deep Marine, LLC, Bressner Trust and Harley Langberg (collectively "the Investors"), holders of shares of common stock of Deep Marine Holdings, Inc. ("DMHI"). We understand DMHI owns all of or controls the stock of Deep Marine Technology, Inc. (We refer to them collectively herein as "DMT")[1]. We write on behalf of the Investors to demand that the Board of Directors of DMT take immediate action to remedy serious breaches of fiduciary duty by certain employees, officers and

---

[1] For purposes of this letter, we treat Deep Marine Holdings, Inc. and Deep Marine Technology, Inc. as one entity and refer to it as DMT. One symptom of the mismanagement which is the subject of this letter is the fact that neither DMT nor DMH has observed the corporate formalities required under Delaware (or Texas) law with respect to corporate governance, record keeping or state filings. Thus, DMT may have taken actions properly taken by DMH and vice versa. In addition, neither DMT nor DMH has properly appointed directors pursuant to state corporate law. For that reason, we direct this demand letter to Messrs. Gilman, McKim, Ellingboe, Lenig and Ericksen, who hold themselves out as the members of the Board of DMT, though it is not clear that those individuals are in fact the legal Board members of DMT.

PADUANO & WEINTRAUB LLP

Members of the Board of Directors
October 10, 2008
Page 2

directors of DMT and others who have diverted and/or misappropriated corporate assets (the "Individuals") causing substantial injury to the corporation. We demand that the Board establish a Special Litigation Committee to: (A) investigate these breaches, (B) take action to end any fraudulent activities, (C) bring actions to recover funds wrongfully diverted from DMT and for compensatory damages, and (D) establish procedures and processes to ensure that the wrongdoing and abuses identified herein do not reoccur.

### Directors' and Officers' Fiduciary Duties

As you are aware, by reason of their positions as officers and directors, and their ability to control the business and corporate affairs of DMT, the Individuals owe DMT and its stockholders the fiduciary obligations of good faith, loyalty and due care. The DMT officers and directors are required to use their utmost ability to control and manage DMT in a fair, just, honest and equitable manner. To their great disappointment, our clients recently have learned that has not happened.

### The DMT Directors and Officers Have Breached Those Duties

Either intentionally, or through gross negligence, these officers and directors have aided and/or allowed Nasser Kazeminy and Otto Candies, LLC ("Otto Candies"), and entities or persons within their control or acting at their direction, to exploit the corporation for their own economic benefit. DMT has been improperly used to disguise improper payments to a family member of an elected official for no legitimate business purpose. Further, outright gifts of corporate cash have been made to Mr. Kazeminy's relatives. DMT has been looted for the personal gain of the largest stockholders to the detriment of the minority stockholders and the company. These actions amount to actionable breaches of fiduciary duty, corporate waste and fraud. The entities and individuals who have wrongfully come into possession of the company's property and cash must return it.

### Corporate Looting by Major Shareholder Otto Candies for its Vessels

During the period August 2004 to present, DMT has been victimized by egregious self-dealing and corporate waste in its transactions with Otto Candies, a significant stockholder in DMT. DMT has paid needless millions of dollars to Otto Candies in connection with vessels DMT has leased, chartered and purchased from that entity. Otto Candies' undue influence on the directors and officers caused DMT to pay (and waste) an additional $8 million above the agreed price to purchase the vessel Emerald, simply because Otto Candies demanded that amount at the closing of the sale transaction. This arbitrary hold-up was "so one sided that no business person of ordinary, sound judgment could conclude that the corporation received adequate

Paduano & Weintraub LLP

Members of the Board of Directors
October 10, 2008
Page 3

consideration" or indeed any consideration for the additional $8 million. See Sample v. Morgan, 914 A.2d 647, 669-70 (Del. Ch. 2007).

Otto Candies has repeatedly misrepresented the state of its vessels and then proceeded to charge DMT hundreds of thousands of dollars to lease and charter vessels which were broken, poorly built or not able to meet US Coast Guard regulations, and for crews which were not provided at the last minute. Review by neutral third party consultants Nautronix Inc. and Poseidon Maritime (UK) Limited confirms that the Otto Candies vessels at issue were not delivered as agreed, and needed hundreds of thousands of dollars worth of work and many months to be ready for operation for DMT's needs. These transactions all involved self-dealing by Otto Candies which the Board countenanced and aided. These improper transactions cost DMT millions of dollars in actionable corporate waste.

### Gross Misuse of Corporate Funds and Misrepresentation Pursuant to the Commands of Major Shareholder Nasser Kazeminy

In the spring of 2007, pursuant to Mr. Kazeminy's instructions, DMT paid $75,000 to Hays Companies in Minneapolis, Minnesota ("Hays") purportedly for payment of "service fees" to an insurance broker. In fact, the purported insurance policy placed by Hays does not exist and there was no valid business reason for a payment to Hays of any amount. Our clients were advised that Mr. Kazeminy first sought to have DMT make quarterly cash payments of $25,000 to Senator Norman Coleman of Minnesota. When certain officers of the corporation refused to facilitate those illicit payments, Mr. Kazeminy directed that payments of $25,000 be paid to Hays, which employs the Senator's wife. These transactions were completely improper and Hays, in fact, provided no services of any type to the corporation. In furtherance of this scheme, officers and directors of DMT falsified documents in order to make these payments appear to be legitimate corporate expenses. Most recent, DMT's new Chief Financial Officer instructed his controller to delete references to the Hays invoices from DMT's computer database, presumably to cover up evidence of DMT's payments. These fraudulent and grossly improper payments, which exposed DMT to potential liability and brought no value to the company, evidence a clear breach of the Board members' fiduciary duties, as well as corporate waste.

Similarly, in June 2008, at Mr. Kazeminy's behest, DMT paid $6,000 to a relative of Mr. Kazeminy, Behnaz Ghaufouri, purportedly for services to DMT. In fact, Ms. Ghaufouri provided no services to DMT. This fraudulent transaction was made simply to pay money to a member of Mr. Kazeminy's family at the expense of the corporation. Clearly, nothing about this transaction was of value to DMT.

PADUANO & WEINTRAUB LLP

Members of the Board of Directors
October 10, 2008
Page 4

### Potentially False and Inaccurate Tax Filings

These fraudulent transactions also raise the specter that DMT's directors and officers have presented false and inaccurate information in DMT's tax filings with state and federal authorities.

### The Board Fired the Whistleblowers

Not only has the Board not put an end to these fraudulent transactions, it has systematically terminated senior managers who sought to bring these things to light. We are told that both Chief Executive Officer Paul McKim and former Chief Financial Officer B.J. Thomas refused to pay Senator Coleman outright with DMT funds. When Mr. Kazeminy instructed them to route payments to Senator Coleman by paying the Senator's wife's company, Hays, for insurance that did not exist, both men refused to participate in such a misrepresentation. Mr. Kazeminy threatened to fire McKim and Thomas for refusing to cooperate in his scheme. Mr. Thomas was forced to resign from the company. Mr. McKim sounded the alarm on this improper venture. As a result, we understand that without consideration of Mr. McKim's role as founder of DMT or his many contributions to the company, Mr. Kazeminy is trying to force Mr. McKim out of the company and silence him. Firing the whistleblowers confirms Mr. Kazeminy's control over the Board and the Board's assistance in his abuses of DMT.

### The DMT Board Has Breached its Fiduciary Duties By Aiding in Corporate Waste and Misrepresentations by DMT

Under The Board's stewardship, DMT has engaged in fraudulent transactions which have siphoned off the company's assets to enrich Otto Candies and to further the improper payment schemes of Mr. Kazeminy. At best, the Board's judgment has been severely impaired in each instance by the control and influence of the major stockholders. We understand that the Board did not employ any special committee of independent directors or any outside neutral expert or consultant to evaluate the price and fairness to DMT of any of these transactions. See Bakerman v. Sidney Frank Importing Co., 2006 WL 3927242 (Del. Ch. Oct. 10, 2006). The Board members' breaches of their fiduciary duties to DMT are clear. Because all of the transactions described above were obvious and egregious instances of self-dealing and corporate waste which no reasonable businesspeople would engage in or tolerate, no court will allow the Board of DMT the benefit of the "business judgment rule" to shield its actions. The Board will therefore bear the burden of showing the entire fairness of any challenged transactions, which of course it will not be able to do with respect to the sham deals discussed above. See In re Tyson Foods, Inc., 919 A.2d 563 (Del. Ch. 2007).

PADUANO & WEINTRAUB LLP

Members of the Board of Directors
October 10, 2008
Page 5

## The Board Members Are Not Disinterested; They are Controlled by and Beholden to Mr. Kazeminy

Further, four of the five members of the Board are not independent but are controlled by and beholden to Mr. Kazeminy. Accordingly, the Board's actions will not be entitled to deference as "business judgments." See In re Primedia Inc. Derivative Lit., 910 A.2d 248 (Del. Ch. 2006). Mr. Gilman is now, on information and belief, the interim Chief Executive Officer of DMT and therefore beholden to Mr. Kazeminy for his job. Messrs. Lenig and Ericksen were both hand-picked by Mr. Kazeminy to sit on the Board. Mr. Kazeminy and Mr. Lenig are long-time business associates and both Mr. Ellingboe and Mr. Ericksen came from Mr. Kazeminy's entity, NJK Holding Corporation. Should the wrongdoing done to the company not be remedied, our clients shall seek to hold the conflicted directors personally liable for the losses the company and our clients have sustained.

## DMT Has Suffered Damages of Millions of Dollars

As a result of the foregoing wrongdoing and breaches of duty, DMT has sustained damages totaling millions of dollars. On behalf of the Investors, we demand that DMT establish a Special Litigation Committee and immediately take action to recover the damages sustained by DMT as a result of the misconduct described herein, and to correct the company's failures of internal controls which allowed such misconduct to occur.

The events outlined above cause our clients great concern, not the least of which is that more wrongdoing by the Individuals, the Board and the corporation may well exist, but is not yet known to us. As you can understand, our clients cannot be seen to continue quietly as shareholders in a company where, it appears, serious wrongdoing has occurred.

If, by the close of business on October 13, 2008, the Board has not affirmed to us in writing that it will take the action we demand, and pledge to conclude the investigation by October 31, 2008, the Investors will, without further notice to you, commence an action on behalf of DMT seeking all appropriate legal and equitable relief to which they may be entitled.

PADUANO & WEINTRAUB LLP

Members of the Board of Directors
October 10, 2008
Page 6

        Finally, DMT must take appropriate steps immediately to preserve, as of this date, all documents and materials, including electronic and paper records, in possession, custody or control of the Company or its directors, officers, employees and agents that pertain, in any way, to the topics raised herein.

Yours sincerely,

*[signature]*

Anthony Paduano