IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | **(Chapter 11)** |
| DEEP MARINE HOLDINGS, INC., ET AL | § § § | Jointly Administered Under Case No. 09-39313-H1-11 |
|     Debtors | § | |

| | | |
|---|---|---|
| JOHN D. BITTNER, LIQUIDATING TRUSTEE | § § § | |
|     Plaintiff | § § | |
| V. | § § | **ADV. PROC. NO. 10-03312** |
| NASSER KAZEMINY, NJK HOLDING, CORP.. DCC VENTURES, LLC OTTO B. CANDIES, JR., OTTO B. CANDIES, III, OTTO CANDIES, LLC, AND CANDIES SHIPBUILDERS, LLC | § § § § § § § § § | |
|     Defendants | § § | |
|     AND | § § | |
| DEEP MARINE HOLDINGS, INC. AND DEEP MARINE TECHNOLOGIES, INC., | § § § § | |
|     Nominal Defendants / Debtors | § § | |
| GENERAL ELECTRIC CAPITAL CORPORATION | § § | |
|     Intervening Plaintiff | § § | |
| V. | § § | |
| OTTO CANDIES, LLC | § | |
|     Defendant in Intervention | § | |

JOINT REPORT OF MEETING AND DISCOVERY/CASE
MANAGEMENT PLAN UNDER RULE 26(f) - Page 1
Dallas 310774v1

# JOINT REPORT OF MEETING AND DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

**ANSWER:** The parties conducted a telephonic meeting on October 6, 2010. The following counsel participated in the meeting: (i) Mark L. Mathie and Garret W. Chambers for the Liquidating Trustee (the "Trustee"); (ii) Thomas S, Henderson, Robert Weinstine, Joseph Windler and Thomas Cortazzo for the Defendants, and (iii) Susan Mathews for the Intervening Plaintiff, General Electric Capital Corporation ("GECC").

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

**ANSWER:** The following are state-court actions involving shareholder-derivative claims against Defendants: *FLI Deep Marine v. McKim*, C.A. No. 4138-VCN (Delaware) and *McKim v. Kazeminy, et al.*, No. 2008-64385, Harris County, Texas (129th District Court).

3. List anticipated intervenors or additional parties that should be included, when they can be added, and by whom they are wanted.

**ANSWER:** Plaintiff Bittner does not anticipate any at this time, except maybe Greenberg Traurig, LLP.

The deadline for the joinder of additional parties is January 15, 2011.

4. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**ANSWER:** Initial disclosures have not yet been made by any party. The parties have agreed to make initial disclosures on or before November 10, 2010.

5. Describe the proposed Agreed Discovery Plan.

**ANSWER:**

a. Close of non-expert discovery: August 15, 2011.

b. The party with the burden of proof will designate its experts and provide any expert reports by August 15, 2011.

c. The parties will designate rebuttal experts and provide any expert reports by October 1, 2011.

  d. Close of expert discovery.  <u>November 15, 2011.</u>

 6. When and to whom the parties anticipate they may send interrogatories.

**ANSWER:**  After the Rule 26(f) meeting, the Plaintiffs will send interrogatories to the Defendants.  The Plaintiffs may propound additional interrogatories based on the information obtained in the initial disclosures to be made.  The persons or entities to whom the Defendants and Plaintiff GECC will send interrogatories are presently undetermined pending the results of the Rule 26(f) meeting and the Court's ruling on the pending Motion to Dismiss listed in item 15 below.

 7. Of whom and by when the parties anticipate taking oral depositions.

**ANSWER:**  The Plaintiffs intend to take the depositions of the Defendants and the Defendants' experts.  The Plaintiffs intend to take additional depositions of officers and directors of Deep Marine, employees of Deep Marine and related affiliates, third-party fact witnesses, and other individuals with relevant knowledge of the facts.  The persons or entities whom the Defendants and the Intervening Plaintiff will depose are presently undetermined pending the results of the Rule 26(f) meeting and the Court's ruling on the pending Motion to Dismiss listed in item 15 below.

 8. Specify discovery taken to date.

**ANSWER:** None.

 9. Describe any motion deadlines:

**ANSWER:** Dispositive motions must be filed on or before <u>December 1, 2011</u>

 10. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

  **ANSWER:** Unknown at present.

 11. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

**ANSWER:** Plaintiff Bittner does not believe mediation of the adversary proceeding would be beneficial at this time. Plaintiff GECC believes that mediation would be beneficial before starting depositions. Defendants believe that mediation would be beneficial at this time.

12. State whether a jury demand has been made.

**ANSWER:** None.

13. Estimate the number of hours it will take to present evidence in this case.

**ANSWER:** The parties believe that a trial on all issues will take not less than seven days of trial time.

14. Describe projected pretrial and trial dates:

**ANSWER:**
   a. Proposed pretrial date: On or about <u>February 1, 2012</u>.

   b. Proposed trial date: On or about <u>February 15, 2012</u>.

15. List motions pending.

**ANSWER:** The Defendants' Motion to Dismiss Complaint and/or Strike Pleadings as Sanction for Violation of Fed. R. Bankr. P. 9011 and for Imposition of Monetary Sanctions (Docket No. 18)..

16. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**ANSWER:** None.

17. List the names, bar numbers, addresses, and telephone numbers of all counsel.

**ANSWER:**

> **Plaintiff**
> Hugh M. Ray, III
> State Bar No. 24004246
> Mark L. Mathie
> State Bar No. 13191550
> McKool Smith, P.C.
> 600 Travis, Suite 7000
> Houston, Texas 77002
> Telephone: (713) 485-7300

Facsimile: (713) 485-7344

**Defendants**
Thomas S. Henderson
State Bar No. 09432300
Thomas S. Henderson, Attorney at Law
711 Louisiana, Suite 3100
Houston, Texas 77002
(713) 227-9500 (phone)
(713) 620-3023 (fax)

Joseph M. Windler
Minnesota Bar No. 0387758
Winthrop & Weinstine, LLP
Suite 3500 Capella Tower
225 South Sixth Street
Minneapolis, Minnesota  55402
(612) 604-6400 (phone)
(612) 604-6800 (fax)

Thomas J.Cortazzo
Louisiana Bar No. 18174
Baldwin Haspel Burke & Mayer, LLP
Energy Centre - 22nd Floor
1100 Poydras Street, Suite 2200
New Orleans, Louisiana 70163
(504) 569-2900 (phone)
(504) 569-2099 (fax)

**Intervening Plaintiff**
John M. Duck
Susan C. Mathews
State Bar No. 05060650
Adams and Reese, LLP
4400 One Houston Center
1221 McKinney
Houston, Texas 77010
(713) 652-5151 (phone)
(713) 652-5152

Dated: October 12, 2010

Respectfully submitted,

MCKOOL SMITH P.C.

By: /s/ *Mark L. Mathie*
    HUGH M. RAY, III
    State Bar No. 24004246
    MARK L. MATHIE
    State Bar No. 13191550
    600 Travis, Suite 7000
    Houston, Texas 77002
    Telephone: (713) 485-7300
    Facsimile: (713) 485-7344

ATTORNEYS FOR LIQUIDATING TRUSTEE

THOMAS S. HENDERSON, Attorney At Law

By: /s/ *Thomas S. Henderson*
    Thomas S. Henderson (TBA No. 09432300)

South Tower, Pennzoil Place
711 Louisiana, Suite 3100
Houston, Texas 77002-2716
Telephone: (713) 227-9500
Facsimile:  (713) 620-3023

COUNSEL FOR THE DEFENDANTS

ADAMS AND REESE LLP

By: /s/ *Susan Mathews*
    John M. Duck (Fed Bar No. 17156)
    Susan C. Mathews (TBA No. 05060650)

1221 McKinney, Suite 4400
Houston, Texas 77010
Telephone: (713) 652-5151
Facsimile: (713) 652-5152

ATTORNEYS FOR GENERAL ELECTRIC
CAPITAL CORPORATION, INTERVENING
PLAINTIFF

5541356v1

**JOINT REPORT OF MEETING AND DISCOVERY/CASE**
**MANAGEMENT PLAN UNDER RULE 26(f) - Page 6**
Dallas 310774v1