IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | **Chapter 11** | |
| § | **Jointly Administered Under** | |
| **DEEP MARINE HOLDINGS, INC. et al.,** § | **Case No. 09-39313-H1-11** | |
| Debtors. § | | |
| § | | |
| **John D. Bittner, Liquidating Trustee,** § | | |
| Plaintiff § | | |
| **And** § | | |
| § | | |
| **General Electric Capital Corp.,** § | | |
| § | | |
| **Plaintiff-in-Intervention,** § | | |
| Vs. § | **Adversary No. 10-3312** | |
| § | | |
| **Nasser Kazeminy, NJK Holding, Corp.,** § | | |
| **DCC Ventures, LLC, Otto B. Candies, Jr.,** § | | |
| **Otto B. Candies, III, Otto Candies, LLC,** § | | |
| **and Candies Shipbuilders, LLC,** § | | |
| Defendants § | | |
| § | | |

**ORDER DENYING MOTION TO DISMISS AS A SANCTION
AND CONDITIONALLY ORDERING MEDIATION**
(Refers to Docket No. 18)

ON CONSIDERATION of the *Motion to Dismiss Complaint and/or Strike Pleadings as Sanction for Violation of FED. R. BANKR. P. 9011 and for Imposition of Monetary Sanctions* ("Motion to Dismiss") filed by Defendants, Nasser Kazeminy, NJK Holding Corp. and DCC Ventures, LLC, Otto Candies, Jr., Otto Candies, III, Otto Candies, LLC and Candies Shipbuilders, LLC (collectively "Defendants"), the Plaintiff's response, and arguments of counsel, the Court finds as follows:

The Motion to Dismiss is DENIED, without prejudice, for the reasons stated on the record.

If the Defendants desire a mediation, they must make a substantial settlement offer (which may not mention sanctions and must include a monetary payment to the Plaintiff that can be any of: (i) a cash payment to the Plaintiff(s), (ii) an agreed recharacterization or subordination of some portion of Defendants' claims, and/or (iii) an agreed avoidance or relinquishment of some portion of the Defendants' liens, claims or interests ) to the Plaintiff and General Electric Capital Corporation, Plaintiff-in-Intervention ("GECC"), on or before November 12, 2010. Defendants are under no legal obligation to make an offer, but if they do not make one, there will be no mediation. If Defendants make a timely offer, then the Court appoints William R.

Dallas 311454v2

Greendyke as a mediator to (i) determine whether the offer is "substantial," and (ii) if the offer is found to be a substantial offer, conduct a confidential and non-binding mediation pursuant to DLR 16.4, 28 U.S.C. §652 and the General Orders of the District Court. If there is a mediation under this order, GECC, the Plaintiff and Defendants must conclude that mediation before December 15, 2010, unless all parties agree otherwise in writing. Plaintiff, GECC and the Defendants will each bear one-third of the mediator's fee, but GECC's 1/3 of the mediator's fee shall not exceed $4,000. If the Mediator's fee exceeds $12,000, Plaintiff and Defendants share the excess equally.

SIGNED:

                                            MARVIN ISGUR,
                                            UNITED STATES BANKRUPTCY JUDGE

AGREED AS TO FORM:

**MCKOOL SMITH P.C.**

By:   */s/Hugh M. Ray, III*
       Hugh M. Ray, III (Texas Bar No. 24004246)

600 Travis, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

ATTORNEYS FOR LIQUIDATING TRUSTEE

**THOMAS S. HENDERSON, Attorney At Law**

By:   /s/ Thomas Henderson by permission HMR
       Thomas S. Henderson (Texas Bar No. 09432300)

South Tower, Pennzoil Place
711 Louisiana, Suite 3100
Houston, Texas 77002-2716
Telephone: (713) 227-9500
Facsimile:  (713) 620-3023

COUNSEL FOR THE DEFENDANTS

**ADAMS AND REESE LLP**

Dallas 311454v2

By: /s/ Susan Mathews by permission HMR
    Susan C. Mathews (Texas Bar No. 05060650)

1221 McKinney, Suite 4400
Houston, Texas 77010
Telephone: (713) 652-5151
Facsimile: (713) 652-5152

ATTORNEYS FOR GENERAL ELECTRIC
CAPITAL CORPORATION, INTERVENING
PLAINTIFF